## THE STATE OF UTAH, APPELLANT v. CHARLES H. ROCK, RESPONDENT.

EX POST FACTO LAW—OFFENSES COMMITTED PRIOR TO STATE-HOOD—SEC. 4688 R. S. 1898, EFFECT OF. CRIMINAL PROCEDURE —PROSECUTION BY INDICTMENT—INFORMATION—RIGHTS OF PERSON CHARGED WITH AN OFFENSE PRIOR TO STATEHOOD. LAW OF TERRITORY—AS TO GRAND JURY—STILL IN FORCE AS TO CERTAIN OFFENSES.

*Ex Post Facto Law—Offenses Committed Prior to Statehood—Sec. 4688 R. S. 1898—Effect of.*

As to all offenses committed against the laws of Utah prior to its admission as a state, Sec. 4688 R. S. 1898 alters the situation of a party charged with an offense committed prior to statehood to his disadvantage and is an *ex post facto* law.

*Criminal Procedure—Prosecution by Indictment—Information — Rights of Person Charged with an Offense Prior to Statehood.*

A person charged with having committed an offense prior to statehood, had a constitutional right under the laws of Congress and the territorial laws then in effect, to be prosecuted only upon indictment presented by a grand jury; and he may not be prosecuted by way of information.

*Law of Territory—As to Grand Jury—Still in Force as to Certain Offenses.*

The laws of the *Territory* of Utah with reference to grand jurors, empowering them to act, inquire into offenses and find indictments, are still in force in this *state* as to offenses committed prior to its admission January 4th, 1896.[1]

( Decided June 13, 1899. )

Appeal from the Third District Court, Salt Lake County, Hon. A. G. Norrell, *Judge.*

March 19, 1898, the prosecuting attorney in Salt Lake County, filed an information against respondent charging him with having committed a crime on the 23d of July, 1895. Defendant filed his demurrer to the information on the grounds: First, that it was filed under the laws of · Utah enacted subsequent to the commission of the offense; second, that under the laws as they existed when the offense was committed, an indictment and not an information should be found; third, that the information was not found by a grand jury consisting of fifteen men as provided by law when the offense was committed. The demurrer was sustained, the information dismissed and the defendant discharged. The state brings this appeal. Judgment of dismissal affirmed.

*Hon. A. C. Bishop*, Attorney General, and *Graham F. Putnam, Esq.*, for appellant.

The defendant was prosecuted for fornication under the statute found in laws of Utah, 1892, page 6, now Section 4212 of the Revised Statutes, held by this court to be valid and in force in *State* v. *Norman*, 16 Utah, 457; *State* v. *Pierpont*, 16 Utah, 476.

---

[1] *State* v. *Hart*, 19 Utah, 438; *Thompson* v. *Utah*, 170 U. S. 343.

The authorities are all to the effect that the States have the right to change their modes of procedure, both in civil and criminal cases, and that the defendant has no vested right in any particular mode of procedure, or to demand a trial by the procedure in force at the time of the commission of the offense. *State* v. *Bates*, 14 Utah, 293; Cooley Constitutional Limitations, p. 326, and note; Sutherland Statutory Construction, Sec. 469; 1 Bishop Criminal Law, Sec. 280; 1 McClain Criminal Law, Sec. 78; *City Council* v. *O'Donnell*, 13 Am. St. 728; *Duncan* v. *Missouri*, 152 U. S. 377.

Some illustrations of changes in procedure that have been held not *ex post facto*, are *Marion* v. *State*, 20 Neb. 233; 57 Am. Reports, 825.

A law reducing the number of grand jurors is not *ex post facto*. *State* v. *Ah Jim*, 9 Mont. 167; or changing the order of argument, *People* v. *Mortimer*, 46 Cal. 114; or reducing the defendant's number of peremptory challenges, *Dowling* v. *State*, 13 Miss. 664; or authorizing a change of venue, *Gut* v. *State*, 9 Wall. 35.

*James H. Moyle, Esq.*, and *S. P. Armstrong, Esq.*, for respondent.

The Supreme Court of the United States has defined an *ex post facto* law as one which "alters the situation of a party to his disadvantage." *Duncan* v. *Missouri*, 152 U. S. 377; *Kring* v. *Missouri*, 107 U. S. 221; *Re* Murphy, 87 Fed. 549.

Legislation which takes from a defendant a substantial right "cannot be sustained simply because, in a general sense, it may be said to regulate procedure." *Thompson* v. *Utah*, 170 U. S. 352.

The power of the state to provide for prosecution of

offenders by information instead of indictment is a "question of grave and serious import affecting rights of great magnitude." *Hurtado* v. *California*, 110 U. S. 516.

The Supreme Court of the United States, in discussing the contention that laws which relate to procedure are not *ex post facto*, aptly say that procedure includes all proceedings in a case, including even trial by jury, and that while a law may relate to procedure it may also be *ex post facto*. *Kring* v. *Missouri*, 107 U. S. 231–2; *Thompson* v. *Utah*, 170 U. S. 352; *State* v. *Tisdale*, 57 Cal. 104–7.

MINER, J.

On March 19, 1898, the prosecuting attorney of Salt Lake county filed an information against the respondent charging him with having committed the crime of fornication in Salt Lake county, on the 23d day of July, 1895, with one Florence H. Hollingsworth.

The defendant filed his demurrer to the information, on the grounds, first, that it was filed under the laws of Utah enacted subsequent to the commission of the offense; second, that under the laws as they existed when the offense was committed, an indictment and not an information should have been found; third, that the information was not found by a grand jury consisting of fifteen men, as provided by law, when the offense was committed.

The demurrer was sustained, the information was dismissed, and the defendant discharged. Thereupon the state appealed to this court.

The question presented by this appeal is whether Art. 1, Sec. 13 of the Constitution of the State of Utah, providing for the prosecution of criminal cases by information after examination and commitment by a magistrate is *ex post facto*, and prohibited by Art. 1, Sec. 10, of the Constitu-

tion of the United States, prohibiting a state from passing *ex post facto* laws, as applied to offenses committed prior to January 4, 1896, when the state was admitted into the Union.

Section 5, ch. 7, page 5, Sess. Laws 1892 (Sec. 4212 Rev. Stat. 1898) under which this prosecution was commenced, reads as follows: "That if an unmarried man or woman commits fornication, each of them shall be punished by imprisonment in the county jail, not exceeding six months, or by fine not exceeding one hundred dollars."

Sec. 4688, Rev. Stat. 1898, provides for prosecution of criminal offenses by information or indictment.

By the provisions of section 4 of the Poland Bill, I C. L. U. 1888, it is made the duty of the grand jury to inquire into the case of any person imprisoned upon a criminal charge and not indicted. By Sec. 4911, C. L. U. 1888, it is made the duty of the grand jury, consisting of 15 qualified citizens, to inquire into all public offenses committed or triable within the judicial district, and present them to the court by indictment.

The case of *Thompson* v. *Utah*, 170 U. S. 343, was where a party who committed a felony before the State was admitted into the Union was tried before a jury consisting of eight persons, after the state was admitted, and it was held that the constitution of the State, providing for the trial of criminal cases, not capital, in courts of general jurisdiction by a jury composed of eight persons, is *ex post facto* in its application to felonies committed before the Territory became a State. The court holding that the accused was entitled to be tried by a jury composed of 12 men, the same as if tried before the admission of the State.

In *State* v. *Hart*, decided at the present term of this court, 19 Utah, 438, this court held that all persons

charged with the commission of a felony prior to the adoption of the Constitution, were entitled to be tried in State courts by a jury composed of 12 men, as provided by law at the time of the commission of the offense; that the laws in relation to jury trials in cases of felony, committed prior to statehood have been continued and are still in force, except as they are found to be repugnant to the Constitution, or have been repealed.

In *State* v. *Kingsley*, 26 Pac. Rep. 1066 (Montana) where Art. 5, Organic Act of Montana, provided that "no person shall be held to answer for a capital or otherwise infamous crime unless on a presentment or indictment of a grand jury." Constitution, Art. 3, Sec. 8 provides that "all criminal actions in the district court * * shall be prosecuted by information after examination and commitment." *Held*, that one charged with grand larceny, committed before the state constitution took effect, could not be convicted under an information.

Under these decisions the laws of the territory, with reference to grand jurors, and empowering them to act upon, inquire into, and make presentment by indictment of all criminal offenses committed in the district, are still in force in this State as to offenses committed against the laws of the State prior to its admission January 4, 1896.

At the time the crime charged against the respondent was committed, prior to the admission of the State, it was his constitutional right, under the laws of congress, and the territorial laws then in force in the territory, to have his case brought before a grand jury and a presentment by indictment of that body in accordance with the laws then in force.

Upon its admission into the Union the State did not acquire power to provide, in respect to offenses, whether felonies or misdemeanors, committed within its limits

while it was a territory, for the filing of informations by the prosecuting attorney, in the absence of a presentment and indictment by a legally constituted grand jury.

To hold that a state could deprive the accused of his liberty by examination before a magistrate and by the filing of an information by the prosecuting attorney, without the presentment of an indictment found by a grand jury, for an offense committed while Utah was a territory and under the laws of Congress, would be to recognize in a state power to do that which congress could not do by legislation, and the right to take from the accused a constitutional right which belonged to him when the offense was committed.

The Constitution of the United States prohibits any state from passing *ex post facto* laws. Art. 1, Sec. 10, U. S. Const.

In *Duncan* v. *Missouri*, 152 U. S. 377, *ex post facto* laws were defined as follows:

"An *ex post facto* law is one which imposes a punishment for an act which was not punishable at the time it was committed; or an additional punishment to that then prescribed; or changes the rules of evidence by which less or different testimony is sufficient to convict than was then required; or, in short, in relation to the offense or its consequences, alters the situation of a party to his disadvantage."

It cannot be said that changing the mode of procedure whereby an accused is entitled to the judgment of 15 men composing the grand jury, to an examination before a magistrate and the filing of an information by a prosecuting officer, does not in relation to the offense, or it consequences, alter the situation of an accused party to his disadvantage. By such changed procedure the manner of producing evidence is changed. In the one case the ac-

cused cannot be held for trial without the unanimous verdict of 12 grand jurors against him.    In the other case the decision of a single magistrate may hold him for trial.

Under the decision of *Thompson* v. *Utah, supra,* it must follow that the prosecuting attorney had no authority to file the information against the respondent for the offense committed prior to the admission of the State into the Union.    The grand jury is the proper tribunal before whom the accused should be brought.

The demurrer to the information was properly sustained.    The judgment of the district court in quashing the information and discharging the defendant, is affirmed.

BARTCH, C. J., and BASKIN, J., concur.