**UNITED STATES of America**

v.

**Edward B. WILLIAMS, Jr., Appellant.**

**No. 71–1447.**

United States Court of Appeals, District of Columbia Circuit.

Argued Sept. 19, 1972.

Decided Jan. 31, 1973.

---

James S. Hostetler, Washington, D. C. (appointed by this court), for appellant.

James F. Flanagan, Asst. U. S. Atty., with whom Harold H. Titus, Jr., U. S. Atty., and John A. Terry, Asst. U. S. Atty., were on the brief, for appellee. Richard L. Cys, Asst. U. S. Atty., also entered an appearance for appellee.

Before WRIGHT, TAMM and Mc-CREE *, Circuit Judges.

J. SKELLY WRIGHT, Circuit Judge:

Effective February 1, 1971, Section 207(6) of the District of Columbia Court Reform and Criminal Procedure Act added the following sentence to subsection (j) of 24 D.C.Code § 301: "No person accused of an offense shall be acquitted on the ground that he was insane at the time of its commission unless his insanity, regardless of who raises the issue, is affirmatively established by a preponderance of the evidence." Prior to February 1, 1971 the prosecution had the burden in criminal cases of proving criminal responsibility beyond a reasonable doubt once the defendant had raised the insanity defense. Davis v. United States, 160 U.S. 469, 16 S.Ct. 353, 40 L.Ed. 499 (1895). Appellant here was charged with offenses committed on November 11, 1968. On trial appellant raised the insanity defense and, over objection, the trial court charged the jury, pursuant to Section 207(6), that appellant had the burden of establishing his insanity defense by a preponderance of the evidence. The only question we consider on appeal is whether this instruction violated the *ex post facto* clause[1] of the Constitution. We find that it did.

A long time ago the United States Supreme Court defined *ex post facto* laws to include "[e]very law which alters the *legal* rules of *evidence*, and receives less, or different, testimony, than the law required at the time of the commission of the offence, *in order to convict the offender*." Calder v. Bull, 3 U.S. (3 Dall.) 386, 390, 1 L.Ed. 648 (1798). (Emphasis in original.) That definition represents the law today just as it did in 1798.[2] The retroactive application given Section 207(6) by the trial court "alter[ed] the *legal* rules of *evidence*" so that appellant was convicted on "less, or different, testimony, than the law required at the time of the commission

---

* Of the 6th Circuit, sitting by designation pursuant to 28 U.S.C. § 291(a) (1970).

1. Art. 1, § 9, cl. 3 of the United States Constitution provides: "No Bill of Attainder or ex post facto Law shall be passed."

2. *See* Malloy v. South Carolina, 237 U.S. 180, 35 S.Ct. 507, 59 L.Ed. 905 (1915); Duncan v. Missouri, 152 U.S. 377, 14 S. Ct. 570, 38 L.Ed. 485 (1894); · Hopt v. Utah, 110 U.S. 574, 4 S.Ct. 202, 28 L.Ed. 262 (1884); Kring v. Missouri, 107 U.S. (7 Otto) 221, 2 S.Ct. 443, 27 L.Ed. 506 (1883); Ex Parte Garland, 71 U.S. (4 Wall.) 333, 18 L.Ed. 366 (1867); Frisby v. United States, 38 App.D.C. 22 (1912). *See also, generally*, Croseky, The True Meaning of the Constitutional Provision of Ex Post Facto Laws, 14 U.Chi.L.Rev. 539 (1947).

of the offence." [3]   Certainly the court's charge, " 'in its relation to the offence, or its consequences, alter[ed] the situation of the accused to his disadvantage.' "   Thompson v. Utah, 170 U.S. 343, 351, 18 S.Ct. 620, 623, 42 L.Ed. 1061 (1898), *quoting* United States v. Hall, 2 Wash.C.C. 366.   Moreover, Congress, in enacting Section 207(6), specifically intended to alter the situation of the accused to his disadvantage.   Congress was concerned that existing law " * * * permitt[ed] dangerous criminals, particularly psychopaths, to win acquittals of serious criminal charges on grounds of insanity by raising a mere reasonable doubt as to their sanity * * *."   H.R.Rep.No.91–907, 91st Cong., 1st Sess., 74 (1970).[4]

Under the circumstances, appellant's conviction must be reversed on *ex post facto* grounds.

So ordered.

---

3.  We find no language in the statute or in its legislative history, and we have been cited to none, which indicates that Congress intended it to be applied retroactively.

4.  In view of the express intent of Congress and the obvious effect of the statute, the Government's argument that § 207(6) provides for a mere procedural change which, applied retroactively, does not significantly alter the situation to appellant's disadvantage may be dismissed as pure advocacy.   *Compare* Kring v. Missouri, *supra* note 2, and Thompson v. Utah, 170 U.S. 343, 18 S.Ct. 620, 42 L. Ed. 1061 (1898), *with* Beazell v. Ohio, 269 U.S. 167, 46 S.Ct. 68, 70 L.Ed. 216 (1925).