Lincoln ISAAC, Petitioner-Appellant,

v.

Ted ENGLE, Superintendent Chilicothe Correctional Institute, Respondent-Appellee.

No. 78–3488.

United States Court of Appeals, Sixth Circuit.

Argued Feb. 22, 1979.

Decided Feb. 8, 1980.

Jay F. McKirahan,. Columbus, Ohio, Lincoln Isaac, pro se, James R. Kingsley, Circleville, Ohio, for petitioner-appellant.

William J. Brown, Atty. Gen. of Ohio, Simon B. Karas, Asst. Atty. Gen., (Div. of Criminal Activities) Columbus, Ohio, for respondent-appellee.

Before CELEBREZZE, Circuit Judge, and PHILLIPS and PECK, Senior Circuit Judges.

JOHN W. PECK, Senior Circuit Judge.

The principal issue in this appeal is whether the Due Process Clause limits the selective denial of retroactive benefits of a new statutory interpretation, where denial is based upon failure to comply with a State's contemporaneous objection rule.

In 1975, petitioner Lincoln Isaac was convicted by an Ohio jury of one count of aggravated assault. At his trial, appellant relied on Ohio's affirmative defense of self-defense. The trial court instructed the jury that defendant bore the burden of proving his affirmative defense by a preponderance of the evidence.[1] This charge accorded with the prevailing law in Ohio, and petitioner made no objection. Subsequently, the Supreme Court of Ohio held that the Ohio legislature had changed the burden of proof for all affirmative defenses in Ohio, including self-defense. Interpreting Ohio Revised Code § 2901.05(A),[2] enacted in 1974 (but amended in 1978; see pp. 1127–1128 infra), the court held that when a defendant pleads the affirmative defense of self-defense, he has only the burden of going forward with evidence sufficient to raise the defense, and does not have the burden of establishing the defense by a preponderance of the evidence. State v. Robinson, 47 Ohio St.2d 103, 351 N.E.2d 88 (1976).

In the Ohio court of appeals, petitioner argued that the trial court's jury instruction was erroneous, citing Robinson. That court of appeals affirmed Isaac's conviction, holding that his failure to object at trial waived any error in the jury instructions. An appeal to the Ohio Supreme Court was dismissed sua sponte for want of a substantial constitutional question. State v. Isaac,

---

1. The trial judge instructed the jury as follows:
     The burden of proving the defense of self-defense is upon the defendant. He must establish such defense by a preponderance of the evidence. Now a preponderance of the evidence is the greater weight of the evidence, that is, evidence that you believe because it outweighs or overbalances in your mind the evidence that is opposed to it.... If the weight of the evidence is equally balanced or if you are unable to determine which side of an issue has the preponder-

ance, then the defendant has not established such issue of self-defense. (Transcript at 227–228.)

2. "Every person accused of an offense is presumed innocent until proven guilty beyond a reasonable doubt, and the burden of proof is upon the prosecution. The burden of going forward with the evidence of an affirmative defense is upon the accused." Ohio Rev.Code § 2901.05(A).

No. 77–412 (Ohio Sup.Ct., July 20, 1977). On the same day that petitioner's appeal was dismissed, however, the Ohio Supreme Court, in another case, held its *Robinson* decision to be applicable retroactively to all criminal trials held after the effective date of the statute. *State v. Humphries*, 51 Ohio St.2d 95, 364 N.E.2d 1354 (1977). However, despite that holding, the Court refused to extend the benefits of retroactivity to Humphries because of his failure to object to the erroneous jury charge at trial. *Id.* at 102, 364 N.E.2d 1354.

After exhausting his state court remedies, Isaac turned to the federal courts for relief, filing a petition for a writ of habeas corpus, asserting that he was entitled to the retroactive application of *State v. Robinson, supra*, as a matter of federal constitutional law. The district court dismissed the petition on the grounds that appellant had shown neither cause for his failure to object to the jury instructions nor prejudice as a result of the faulty charge. This appeal followed.

■ As a preliminary matter, we note that the Constitution does not ordinarily require the retroactive application of a new interpretation of a statute. *See, e. g., Halliday v. United States*, 394 U.S. 831, 89 S.Ct. 1498, 23 L.Ed.2d 16 (1969). On the other hand, where the statute pertains to an affirmative defense and the statute is construed to make the absence of the affirmative defense an element of proof of the crime itself a different result is mandated. In such a case, the constitutional doctrine announced in *Mullaney v. Wilbur*, 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975), and in *In re Winship*, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970), requiring the prosecution to prove every element of a crime beyond a reasonable doubt, has application. *Berrier v. Egeler*, 583 F.2d 515 (6th Cir.), *cert. denied*, 439 U.S. 955, 99 S.Ct. 354, 58 L.Ed.2d 347 (1978), and the Due Process Clause requires that the new interpretation be applied retroactively. *Hankerson v.*

*North Carolina*, 432 U.S. 233, 97 S.Ct. 2339, 53 L.Ed.2d 306 (1977). In *State v. Humphries, supra*, the Ohio Supreme Court decided to apply *State v. Robinson, supra*, retroactively as a matter of state law.[3] Accordingly, we need not grapple with the question of whether Ohio was obligated to do so as a matter of due process.

In our view, the single issue in this appeal is whether the decision of the Supreme Court of Ohio to withhold from petitioner the benefits of § 2901.05(A), as established in *State v. Robinson*, for failure to comply with Ohio's contemporaneous objection rule was a deprivation of due process.

■ The decision to apply a new rule retroactively or prospectively is essentially one of policy, and is thus a determination to be made by appropriate state action. Once the determination to give retroactive effect to a new rule has been made, however, the benefits of the right conferred may not be withheld arbitrarily. *See generally, American Ry. Express Co. v. Kentucky*, 273 U.S. 269, 47 S.Ct. 353, 71 L.Ed. 639 (1931); *City of Cincinnati v. Vester*, 33 F.2d 242 (6th Cir.), *aff'd*, 281 U.S. 439, 50 S.Ct. 360, 74 L.Ed. 950 (1930).

Respondent insists that the criterion used by the Ohio Supreme Court in *State v. Humphries, supra*, 51 Ohio St.2d 95, at 102, 364 N.E.2d 1354, to limit the application of *State v. Robinson* was approved by the Supreme Court of the United States in *Hankerson v. North Carolina, supra*. In *Hankerson*, the Supreme Court of North Carolina held that a jury instruction that imposed the burden of proving self-defense upon the defendant was violative of due process under the Supreme Court's decision in *Mullaney v. Wilbur*, 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975). *Hankerson* was tried before the date on which *Mullaney* was decided. Concluding that it was not required to apply *Mullaney v. Wilbur* retroactively to a conviction that occurred before the date on which the Supreme Court's decision was handed down, the North Caro-

---

**3.** Paragraph four of the syllabus in *State v. Humphries* reads: "The General Assembly enacted R.C. 2901.05 to be effective January 1, 1974. Every criminal trial held on and after that date is required to be conducted in accordance with the provisions of that section."

lina court affirmed Hankerson's conviction. The Supreme Court reversed. It held that where a new constitutional rule is designed " 'to overcome an aspect of a criminal trial that *substantially* impairs its truth-finding function,' " the rule must be applied retroactively. 432 U.S. at 243, 97 S.Ct. at 2345, 53 L.Ed.2d 306; *quoting Ivan V. v. City of New York*, 407 U.S. 203, 204, 92 S.Ct. 1951, 1952, 32 L.Ed.2d 659, 661 (1972).

The language in *Hankerson, supra* relied on by respondent in the case at bar, came in partial response to the state's contention that retroactivity would have a devastating effect on the administration of justice. To this argument, the Court replied in a footnote that a State "may be able to insulate past convictions by enforcing the normal and valid rule that failure to object to a jury instruction is a waiver of any claim of error. *See, e. g.*, Fed.Rule Crim.Pro. 30." 432 U.S. at 244 n. 8, 97 S.Ct. at 2345–46 n. 8, 53 L.Ed.2d 306. Ohio has a similar rule.[4]

The footnote cited by respondent was *dictum*. The petitioner in *Hankerson*, like the appellant here, failed to object to the jury instructions at trial. The North Carolina Supreme Court chose to pass on the validity of the instructions, nevertheless. Thus, the question of whether a state may constitutionally utilize its procedural rules to bar the application of a retroactive ruling was not before the Court.

██ This Court, of course, is not controlled by *dicta*. Moreover, we need not pass on the question of whether, as a general rule, defendants may be required to raise their objections to jury instructions at trial. We are confronted here with a specific factual situation in which we are required to decide whether the state court's decision in the instant case was arbitrary or capricious. Thus, the test to be applied on this appeal is

whether the means selected by the Ohio Supreme Court in *Humphries, supra*, bear a real and substantial relation to the ends sought to be attained by the use of its procedural rule to deny the benefits of retroactivity to the petitioner. Therefore, we turn to the justification for Ohio's procedural rule that requires a defendant to challenge jury instructions at trial or not at all.

In *State v. Williams*, 51 Ohio St.2d 112, 364 N.E.2d 1364 (1977), *vacated in part sub nom. Williams v. Ohio*, 438 U.S. 911, 98 S.Ct. 3137, 57 L.Ed.2d 1156 (1978), handed down on the same day that petitioner's appeal was dismissed, the Supreme Court of Ohio, in paragraph one of the syllabus,[5] said:

An appellate court need not consider an error which a party complaining of the trial court's judgment could have called, but did not call, to the trial court's attention at a time when such error could have been avoided or corrected by the trial court.

In the text of the *Williams* opinion, the court went on to say:

Any other rule would relieve counsel from any duty or responsibility to the court and place the entire responsibility upon the trial court to give faultless instructions upon every possible feature of the case, thereby disregarding entirely the true relation of court and counsel which enjoins upon counsel the duty to exercise diligence and to aid the court rather than by silence mislead the court into commission of error [citation omitted]. 51 Ohio.St.2d at 117, 364 N.E.2d at 1367.

██ Thus, it is clear that the end which the contemporaneous objection rule seeks to achieve is to make trial proceedings as error

---

4. Rule 30, Ohio Rules of Criminal Procedure, expressly provides that, "[a] party may not assign as error the giving or the failure to give any instructions unless he objects thereto before the jury retires to consider its verdict . . . stating specifically the matter to which he objects and the grounds of his objection." *See also State v. Glaros*, 170 Ohio St. 471, 166 N.E.2d 379 (1960).

5. Under Ohio Law, only the points of law set out in the syllabus are considered to have the force of law, unless the opinion is per curiam. The statements made in the body of the opinion are the conclusions of the judge writing the opinion. *See, e. g., Haas v. State*, 103 Ohio St. 1, 132 N.E. 158 (1921).

free as possible. *Wainwright v. Sykes*, 433 U.S. 72, 90, 97 S.Ct. 2497, 2508, 53 L.Ed.2d 594, 610 (1977). The rule does not assume that a trial court will always avoid or correct the error asserted; if it did, appellate courts would not be needed. But, as *State v. Williams, supra,* suggests, the rule does assume that some basis for the assertion of error exists, however tenuous, that can be discovered through due diligence of counsel and presented in good faith to the trial court for its consideration. Stated another way, the contemporaneous objection rule presupposes the contemporaneous existence of some legal principle that is applicable to the proceedings at trial.

In the present case, the principle that the defendant must bear the burden of proving the affirmative defense of self-defense was well-settled in Ohio prior to the enactment of Ohio Revised Code § 2901.05(A). *See, e. g., Silvus v. State*, 22 Ohio St. 90 (1871); *see also, State v. Seliskar*, 35 Ohio St.2d 95, 298 N.E.2d 582 (1973), and cases cited therein. At the time of appellant's trial, no Ohio court had held or even indicated that the statute had modified the common law. The committee notes that accompanied the new statute reflected no alteration in existing law. Nor was the statute accompanied by a transition table, sometimes used to explain the effect of a new statute on prior law, including the date the new law is to be phased in and the old phased out. *See, e. g.,* Ohio Rev.Code Ann. §§ 2903.01 and 2929.04 (Page 1975). The standard Ohio Jury Instructions, which placed the burden of proving the affirmative defense of self-defense by a preponderance of the evidence on the defendant, remained unchanged after the enactment of § 2901.05(A). 4 *O.J.I. Criminal* 409.60 (1970 ed.). Further, the leading treatises perceived no variation from prior law. 1 *Anderson's Ohio Criminal Practice and Procedure* § 52.15 (1975 ed.); 1 O. Schrader and L. Katz, *Ohio Criminal Law Practice,* Tit. 29 at 14 (1974 ed.). Finally, the Ohio Supreme Court gave credence to the view that § 2901.05(A) had not altered the common law when, in *State v. Rogers*, 43 Ohio St.2d 28, 330 N.E.2d 674 (1975), *cert. denied*, 423 U.S. 1061, 96 S.Ct.

801, 46 L.Ed.2d 653 (1976), it said: "[S]elf-defense is an affirmative defense, which must be established by a preponderance of the evidence (*State v. Seliskar* [1973], 35 Ohio St.2d 95, 96, 298 N.E.2d 582) ...." *Id.* at 30, 330 N.E.2d at 676. With respect to § 2901.05, the Court further stated: "The defense of using reasonable force to effect a citizen arrest ... is ... an affirmative defense (R.C. 2901.05[C][2]) which places the burden of going forward with the evidence upon the accused (R.C. 2901.05[A]) to prove that issue by a preponderance of the evidence. *See State v. Seliskar, supra* (35 Ohio St.2d 95, 298 N.E.2d 582)." *Id.* at 33, 330 N.E.2d at 677.

■ The language quoted from *Rogers* was *dictum.* Therefore, at the time of petitioner's trial, the question of who must bear the burden of proving the affirmative defense of self-defense had not been definitively answered. Nevertheless, we believe the decision to apply *State v. Robinson, supra,* retroactively is strong evidence that the Ohio Supreme Court recognized that its *Robinson* decision had changed the law substantially.

We hold that in these circumstances, the failure to object at trial cannot bar the petitioner from the retroactive application of *State v. Robinson, supra.*

As previously stated, the contemporaneous objection rule presupposes the existence of a legal principle capable of being advanced to support an objection. Yet, in the case at bar, every recognized authority on affirmative defenses in Ohio as well as *dictum* from the Ohio Supreme Court reinforced the propriety of the trial court's charge to the jury. Thus, existing law provided no basis for an objection to the court's jury instructions at the time of trial. To require an objection in these circumstances would be to require the doing of a vain act. We are, therefore, led to the conclusion that there was no real or substantial relation between the use of the contemporaneous objection rule as a bar to retroactivity in the instant case and the rule's avowed purpose. In *O'Connor v. Ohio*, 385 U.S. 92, 87

S.Ct. 252, 17 L.Ed.2d 189 (1966), the Supreme Court held that the failure to object at trial to a practice that Ohio had long allowed could not deprive the petitioner of his right to attack that practice in the state courts following its subsequent invalidation by the Supreme Court. The Court reasoned that defendants cannot be charged with anticipating future decisions invalidating past practices. Though *O'Connor* involved the attempted assertion of a federal claim, we believe the logic of that decision to be equally persuasive in the context of the present case.

The district court's reliance on *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), to dismiss appellant's petition was misplaced. Insofar as petitioner claims that he was entitled to attack collaterally the constitutionality of the jury instructions on the basis of *Mullaney v. Wilbur, supra*, 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 despite his failure to preserve properly the issue at his state trial, *Wainwright v. Sykes* provides the initial test for federal habeas review. Absent a showing of cause for the noncompliance with Ohio's contemporaneous objection rule and some showing of actual prejudice, federal habeas corpus review of his *Mullaney* claim is barred. *See, e. g., Berrier v. Egeler*, 583 F.2d 515 (6th Cir.), *cert. denied*, 439 U.S. 955, 99 S.Ct. 354, 58 L.Ed.2d 347 (1978). It was proper for the district court to apply the cause and prejudice test to this branch of petitioner's claim, though we express no opinion as to the soundness of its conclusion. Having applied the test, however, the court's task was only half finished.

The major thrust of petitioner's claim was, and is, not directed to the constitutionality of the jury instruction itself; but rather, it centers upon and challenges the constitutionality of the Ohio Supreme Court's selective application of its *State v. Robinson* decision while petitioner's conviction was still pending on review in the state courts. *Wainwright v. Sykes, supra*, is not applicable to this second prong of appellant's petition.

Since we find petitioner's selective retroactivity claim to be meritorious, we do not deem it necessary to address appellant's further assertion that the jury instructions at his trial were unconstitutional. Consequently, it is also unnecessary to pass upon the question of whether Isaac established cause and prejudice as a predicate to habeas review of that latter claim.

■ In our disposition of this case we are not unmindful of the amendment by the Ohio General Assembly of Ohio R.C. § 2901.05(A), effective November 1, 1978. That section again requires affirmative defenses to be established by a preponderance of the evidence. If this section were to have application in any retrial which might result from our holding, that conclusion might be considered senseless since on retrial the pertinent jury instruction would be identical to that given at the original trial. However, it is apparent that any such retrial would not fall under the purview of amended section 2901.05(A) because such procedure would clearly be impermissible on *ex post facto* grounds. U.S.Const., art. I, § 10, cl. 1. *See United States v. Williams*, 154 U.S.App.D.C. 244, 475 F.2d 355 (D.C.Cir. 1973), and cases therein cited.[6] This cir-

---

**6.** "Every law that alters the legal rules of evidence, and receives less, or different testimony, than the law required at the time of the commission of the offense, in order to convict the offender [is *ex post facto*]." *Calder v. Bull*, 3 U.S. 305, 309, 3 Dall. 386, 390, 1 L.Ed. 648 (1798). "Any statutory alteration of the legal rules of evidence which would authorize conviction upon less proof, in amount or degree, than was required when the offense was committed, ought, in respect of that offense, to be obnoxious to the constitutional inhibition upon *ex post facto* laws." *Mallett v. North Carolina*, 181 U.S. 589, 595, 21 S.Ct. 730, 733, 45 L.Ed.

1015 (1900), *quoting Hopt v. Utah*, 110 U.S. 574, 4 S.Ct. 202, 28 L.Ed. 262 (1884); *see also Landay v. United States*, 108 F.2d 698, 705 (6th Cir. 1939). "[T]he legislature may not, under the guise of establishing modes of procedure . . . ., violate the accepted principles that protect an accused person against *ex post facto* enactments." 181 U.S. at 596, 21 S.Ct. at 733, 45 L.Ed. 1015. *See also Malloy v. South Carolina*, 237 U.S. 180, 35 S.Ct. 507, 59 L.Ed. 905 (1915); *Duncan v. Missouri*, 152 U.S. 377, 14 S.Ct. 570, 38 L.Ed. 485 (1894); *Hopt v. Utah*, 110 U.S. 574, 4 S.Ct. 202, 28 L.Ed. 262 (1884); *Kring v. Missouri*, 107 U.S. (7 Otto) 221, 27

cumstance would require, in our view, an instruction to the jury that the raising of the affirmative defense of self-defense does not relieve the state of its obligation of proving every element of the offense beyond a reasonable doubt and that the defendant does not bear the burden of proving such defense by a preponderance of the evidence.

The judgment of the district court is reversed and the case is remanded with directions to grant a writ of habeas corpus to the petitioner unless the State of Ohio shall grant him a new trial within a reasonable time to be fixed by the district court.

CELEBREZZE, Circuit Judge, concurring.

The primary focus in this case is whether Ohio may, consistent with due process, utilize its contemporaneous objection rule to bar retroactive effect to its *Robinson* decision. Having concluded in *State v. Humphries*, 51 Ohio St.2d 95, 364 N.E.2d 1354 (1977) that *Robinson* should apply retrospectively, Ohio now attempts to deny Isaac the benefits of the retroactive application of *Robinson* because his counsel failed to object at trial to the jury instructions on the issue of self-defense.

In analyzing Ohio's failure to accord Isaac the retroactive benefit of *Robinson*, the majority employs a standard of review which seeks to discover some rational relationship between the purposes that Ohio's contemporaneous objection rule is designed to serve and the reason for which that rule was invoked in this case. The majority concludes that the utilization of the contemporaneous objection rule to bar retroactive application of *Robinson* is an arbitrary exercise of state procedural law which constitutes a deprivation of due process. This is so, the majority reasons, because the contemporaneous objection rule presupposes

the existence of a palpable objection, and here Isaac's counsel had no valid reason to object to the trial judge's instructions on the issue of self-defense. To the contrary, however, an objection based on the constitutional infirmity subsequently isolated in *Mullaney v. Wilbur*, 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975) was always available; that is, Isaac could have objected that the instructions placed upon him the burden of proof in violation of the principles of due process expressed in *In re Winship*, 397 U.S. 358, 364, 90 S.Ct. 1068, 1072, 25 L.Ed.2d 368, 375 (1970).

I write separately because I believe that such speculation as to whether Isaac's counsel could or should have raised an objection at trial is too hypothetical a predicate for federal interdiction of a state procedural rule. It is an equally uncertain ground for denying Isaac a new trial in which the burden of proof as defined by *Robinson* applies. Admittedly, federal interference with Ohio's contemporaneous objection rule should proceed cautiously in light of the Supreme Court's deference to the application of state procedural rules. *See e. g. Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). This deference takes on an added dimension in light of Justice White's observation in *Hankerson v. North Carolina*, 432 U.S. 233, 244 n.8, 97 S.Ct. 2339, 2345, 53 L.Ed.2d 306, 316 (1977), that a state might be able to use its procedural rules to insulate past convictions from collateral attack.[1] From a legal technician's viewpoint, this dicta offers a viable avenue for avoiding the full impact of *Mullaney*.

Although I believe that, despite *Mullaney v. Wilbur*, it is constitutionally permissible for a state to treat self-defense as an affirmative defense that the prosecution need not negate beyond a reasonable doubt, *see*

---

L.Ed. 506 (1883); *Ex Parte Garland*, 71 U.S. (4 Wall.) 333, 18 L.Ed. 366 (1867); *Frisby v. United States*, 38 App.D.C. 22 (1912). *See also, generally,* Croseky, The True Meaning of the Constitutional Provision of Ex Post Facto Laws, 14 U.Chi.L.Rev. 539 (1947).

1. Were the challenge here directed to the substance of the jury instructions, use of a contemporaneous objection rule to preclude habeas corpus review might be justified. *See Frazier v. Weatherholtz*, 572 F.2d 994, 997–98 (4th Cir. 1978). *See also United States v. Jackson*, 569 F.2d 1003, 1008–09 (7th Cir. 1978).

*Patterson v. New York*, 432 U.S. 197, 210, 97 S.Ct. 2319, 53 L.Ed.2d 281 (1977); *Berrier v. Egeler*, 583 F.2d 515, 524 (6th Cir. 1978) (Engel, J., dissenting), *cert. denied*, 439 U.S. 955, 99 S.Ct. 354, 58 L.Ed.2d 347; *cf. Hankerson v. North Carolina*, 432 U.S. 233, 245, 97 S.Ct. 2339, 2346, 53 L.Ed.2d 306, 316, Blackmun, J., concurring, the Ohio Supreme Court has interpreted O.R.C. § 2901.-05(A) so as to place upon the defendant only the burden of going forward with evidence sufficient to raise the defense. *State v. Robinson*, 47 Ohio St.2d 103, 351 N.E.2d 88 (1976).

As expressed by a unanimous Court in *Hankerson*, the definition and placement of the burden of proof is a fundamental aspect of the truth-finding process of a criminal trial. *Hankerson, supra*, 432 U.S. at 243–44, 97 S.Ct. at 2345, 513 L.Ed.2d at 315–316. *See also Winship*, 397 U.S. at 370–72, 90 S.Ct. at 8, 1075–1976, 25 L.Ed.2d at 378 (Harlan, J., concurring); *Speiser v. Randall*, 357 U.S. 513, 525–26, 78 S.Ct. 1332, 2 L.Ed.2d 1460 (1958); *see generally, Jefferies & Stephen, Defenses, Presumptions and Burden of Proof in the Criminal Law*, 88 Yale L.J. 325 (1979). Protecting that truth-finding function must take precedence over a state's procedural concerns expressed in a contemporaneous objection rule. As such, denying to a defendant a trial under what the Ohio Supreme Court has concluded to be the proper allocation of the burden of proof amounts to a denial of due process of law.

Redefining the burden of proof placed upon a defendant, whether it be by a new constitutional rule or by a new statutory interpretation of constitutional dimension, has a substantial impact upon a criminal trial's truth-finding function. In such situations retroactive application is imperative. *Hankerson, supra*, at 432 U.S. at 241, 97 S.Ct. 2339, 53 L.Ed.2d 306, quoting *Ivan V. v. City of New York*, 407 U.S. 203, 204–05, 92 S.Ct. 1951, 1952, 32 L.Ed.2d 659, 661 (1972).

Since the Ohio Supreme Court's decision in *Robinson* significantly affects the burden of proof to be placed upon a defendant, due process requires that Isaac receive the benefits of that court's interpretation. Accordingly, I concur in the judgment of the court awarding the writ.