# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

### MARCH 1998 SESSION



FILED

**April 29, 1998**

**Cecil Crowson, Jr.**
Appellate Court Clerk

| | |
|---|---|
| **GARY S. MAYES,** | ) |
| | ) C.C.A. No. 03C01-9707-CR-00281 |
| Appellant, | ) |
| | ) Loudon County |
| V. | ) |
| | ) Honorable E. Eugene Eblen, Judge |
| | ) |
| **STATE OF TENNESSEE,** | ) (Post-Conviction) |
| | ) |
| Appellee. | ) |

FOR THE APPELLANT:

Rex A. Dale
Attorney at Law
208 Bank Street
Lenoir City, TN 37771

FOR THE APPELLEE:

John Knox Walkup
Attorney General & Reporter

Ellen H. Pollack
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN 37243-0493

Charles Hawk
District Attorney General

Frank Harvey
Assistant District Attorney General
P.O. Box 703
Kingston, TN 37763-0703

OPINION FILED: _____

**AFFIRMED**

**PAUL G. SUMMERS,**
Judge

**O P I N I O N**

The petitioner, Gary S. Mayes, filed a petition for habeas corpus and/or post-conviction relief in the criminal court at Loudon County. The court denied the petition as barred by the statute of limitations. The petitioner appealed. We affirm the judgment of the trial court.

In his pro se petition for post-conviction relief, the petitioner alleges that he unknowingly pled guilty in 1993. The petitioner pled to aggravated sexual battery and was sentenced as a Range I offender to ten years to be served at 30%. The petitioner has served 30% percent of his ten-year sentence. The board of paroles denied him parole and said that he must serve the entire sentence. He alleges that the board's denial was based on an illegal 1976 conviction for attempted rape. He claims that the 1976 conviction is illegal because his counsel did not inform him of his right to appeal. The petitioner further alleges that the sexual treatment program presently required for parole eligibility was not a requirement for parole at the time of his conviction. He further alleges that he has been denied access to the program. Finally, the petitioner alleges that the psychological evaluation required for parole eligibility has not been performed on him yet. He alleges that the state's denial of access to these programs violates his liberty interest.

The court appointed counsel to represent the petitioner. In an amended petition, the petitioner alleged that his conviction was illegal. He alleged that the indictment was fatally insufficient because it failed to allege the culpable mental state required for aggravated sexual battery. The petitioner further alleged that the classification of all sex offenders as mentally ill persons pursuant to Tennessee Code Annotated § 33-6-302 (1984) violates the petitioner's rights to due process and equal protection. He alleges ineffective assistance of counsel based on his trial attorney's failure to explain the consequences of his guilty plea.

The state argued statute of limitations and venue. After a brief hearing, the trial court denied the petition as barred by the statute of limitations.

On appeal, the petitioner argues that the trial court erred in finding that his petition for post-conviction relief was barred by the statute of limitations. The petitioner pled guilty on September 13, 1993. He did not appeal. When the petitioner's conviction became final, the statute of limitations applicable to post-conviction proceedings was three years. Tenn. Code Ann. § 40-30-102 (repealed 1995). The three-year statute of limitations was subsequently shortened to one year by the new Post-Conviction Procedure Act, which took effect on May 10, 1995. See Tenn. Code Ann. § 40-30-201 et seq. (Supp. 1996). The new Post-Conviction Procedure Act governs this petition and all petitions filed after May 10, 1995. See Tenn. Code Ann. § 40-30-201 et seq. Because the old three-year statute of limitations had not expired on the effective date of the act, the petitioner had until May 10, 1996, in which to file his petition for post-conviction relief. See Compiler's Notes, Tenn. Code Ann. § 40-30-201 (1997). He filed his petition on September 4, 1996, several months after the statute had expired. His petition is therefore barred by the statute of limitations. See e.g., Shirley v. State, No. 02C01-9612-CR-00478 (Tenn. Crim. App., at Jackson, Jan. 7, 1998).

The petitioner next argues that, because his conviction became final before May 10, 1995, he should retain the right to file a post-conviction petition within three years of his conviction. He argues that limiting his right to file a petition to May 10, 1996, violates the ex post facto provisions of state and federal constitutions. We disagree. Our courts have consistently rejected this argument. See State v Butler, No. 1338 (Tenn. Crim. App., at Knoxville, May 19, 1992); Johnson v. State, No. 02C01-9605-CR-00136 (Tenn. Crim. App., at Jackson, June 10, 1997). Generally, an ex post facto law is one that imposes punishment for an act which was not punishable at the time of its commission, or

an additional punishment to that then prescribed. Calder v. Bull, 3 U.S. 386, 1 (1798); Duncan v. Missouri, 152 U.S. 377 (1894). Here, a change in the period of limitations for post-conviction relief does not constitute a change to the original offense or its consequences. The change in the period of limitations relative to petitions for post-conviction relief has not affected a substantive right of the petitioner. It relates to a matter of procedure only and is not an ex post facto law within the meaning of the constitution. State v. Butler, No. 1338 (Tenn. Crim. App., at Knoxville, May 19, 1992).

The petitioner next argues that he timely filed his petition within the three-year statute of limitations. Because we have determined that the three-year statute of limitations does not apply to the petitioner, this issue has no merit.

Lastly, the petitioner argues that his affidavit establishes that his petition was filed within the one-year statute of limitations. Citing Carey v. State, No. 03C01-9309-CR-00330 (Tenn. Crim. App., at Knoxville, Nov. 8, 1994), the petitioner asserts that the effective filing date for a pro se petitioner in custody is the date of delivery to the proper prison authorities. The Court in Carey specifically did not reach the issue of whether delivery to prison officials constituted filing with the clerk of the court.

In his affidavit, the petitioner states that he personally delivered his petition to the authorities at the Riverbend Maximum Security Institute on December 22, 1995. Also in the record is a cover letter dated December 21, 1995, to the court clerk asking the clerk to file his petition and a prison log showing that the petition was notarized on December 21, 1995. The court held that the prison mail log which was made an exhibit to the proceeding did not support the petitioner's claim. The mail log indicates that the petition was mailed to the clerk of the court on August 29, 1996, approximately five days before the filing date of the petition itself. The petitioner argues the December 22, 1995,

date of delivery that he specified in his affidavit, should control over the date stamped filed by the clerk's office. We disagree. The state did not present an argument on this issue. The lapse of time between when the petition was notarized and when it was mailed is suspect. However, we have reviewed the evidence and answered the argument set forth by the petitioner.

If any relief might be warranted, the petitioner must file his application for writ of habeas corpus in the Davidson County Criminal Court, the court closest to the petitioner. Tenn. Code Ann. § 29-21-105 (1980). Accordingly, to the extent that the petitioner's petition is for habeas corpus relief, it is dismissed because the Loudon County court does not have jurisdiction. His petition for post-conviction relief is barred by the statute of limitations.

Accordingly, the judgment of the trial court is affirmed.

_____
PAUL G. SUMMERS, Judge

CONCUR:

_____
JOHN H. PEAY, Judge

_____
CORNELIA A. CLARK, Special Judge

-6-