PER CURIAM.
We consolidate sua sponte these four petitions for writ of certiorari involving identical issues. In each of them, the state of Florida seeks review of a non-final order of the Palm Beach County circuit court denying the state’s motion to transfer and certify outstanding disposition orders in juvenile cases to the circuit criminal division. We grant each petition.
Each case involves a juvenile who was adjudicated delinquent in one or more cases filed in the circuit court, juvenile division, and was subject to a pending disposition order entered against him prior to October 1, 1997. Each juvenile either was on community control or had been placed in a residential program, with provisions for him to be placed on community control upon furlough. Thereafter, one or more informations was filed against each juvenile in the circuit court’s criminal division.
On October 1, 1997, section 985.227, Florida Statutes (1997), became effective. See ch. 97-238, § 35, at 4268-70, Laws of Fla. One provision of that statute, section 985.227(3)(b), comes into play when an information has been filed in criminal court against a child, so that the child is prosecuted as an adult. Under those circumstances, this paragraph provides that
the court shall immediately transfer and certify to the appropriate court all preadju-dieatory cases that pertain to that child which are pending in juvenile court, including, but not limited to, all cases involving offenses that occur or are referred between the date of transfer and sentencing in adult court and all outstanding juvenile disposition orders. The juvenile court shall make every effort to dispose of all predispositional cases and transfer those cases to the adult court prior to adult sentencing. It is the intent of the Legislature to require all cases occurring prior to the sentencing hearing in adult court to be handled by the adult court for final resolution with the original transfer case.
§ 985.227(3)(b), Fla. Stat. (1997). (Emphasis added).
In other words, the legislature intends that when a child is prosecuted as an adult, that child’s pending juvenile cases are to be before the criminal court judge at the time the child is sentenced for the crime charged in adult court. There is no indication that the transferee court would not still be subject to section 985.231, Florida Statutes (1997), which limits the disposition powers of “[t]he court that has jurisdiction of an adjudicated delinquent child.” § 985.231(1), Fla. Stat. (1997).
In accordance with the statute, the state served a motion in the juvenile division in the aforementioned pending cases of each of the four juveniles, to transfer and certify the pending disposition orders to the circuit court’s criminal division. Each juvenile opposed the motion for several reasons, including that such transfer would subject him to increased punishment as a result of prosecution as an adult, and that section 985.227 violated the constitutional provision against ex post facto laws.[1] Both juvenile court judges in the four cases found the provision unconstitutional as an ex post facto law, because the statute was not in effect when the offenses were committed, and the law did not make it clear that the criminal court judge could not impose any sentence other than a juvenile sentence. In each order on review, the juvenile court denied the state’s motion to transfer, finding that section 985.227(3) violated the constitutional provisions prohibiting ex post facto laws.
We have certiorari jurisdiction, as the orders on review are not appealable pursuant to rule 9.140(c)(1), Florida Rules of Appellate Procedure, and if allowed to stand, they would frustrate the objective of having all pending delinquency and criminal proceedings before the same court at the same time in a way that could not be remedied on plenary appeal. See State v. Pettis, 520 So.2d 250 (Fla.1988); State v. Lozano, 616 So.2d 73 (Fla. 1st DCA 1993); State v. Perry, 605 So.2d 94 (Fla. 3d DCA), rev. denied, 613 So.2d 9 (Fla.1992).
*619 A law violates the ex post facto clause of the constitution only if it punishes as a crime an act which was not a crime when committed, makes the punishment for a crime more onerous than it was at commission, or deprives one charged with a crime of a defense available when the crime was committed. See Collins v. Youngblood, 497 U.S. 37, 42, 110 S.Ct. 2715, 111 L.Ed.2d 30 (1990). It must do more than merely alter the situation of a party to that party’s disadvantage. See id. at 50, 110 S.Ct. 2715.
The Florida Supreme Court has also recognized that the federal standard now requires the showing of more than simple “disadvantage” to find an ex post facto violation, see Gwong v. Singletary, 683 So.2d 109, 112 (Fla.1996) (citing California Dep’t of Corrections v. Morales, 514 U.S. 499, 115 .S.Ct. 1597, 131 L.Ed.2d 588 (1995)), cert. denied, — U.S. -, 117 S.Ct. 1018, 136 L.Ed.2d 894 (1997), as has this court, see Stuberfield v. State, 690 So.2d 636, 638 (Fla. 4th DCA 1997) (“It is true that a mere ‘disadvantage’ to a defendant no longer amounts to an ex post facto violation.”) (Stevenson, J., dissenting).
The petitioner relies on Dugger v. Williams, 593 So.2d 180, 181 (Fla.1991), emphasizing its language that
In Florida, a law or its equivalent violates the prohibition against ex post facto laws if two conditions are met: (a) it is retrospective in effect; and (b) it diminishes a substantial substantive right the party would have enjoyed under the law existing at the time of the alleged offense.
Id. at 181 (emphasis added; citations omitted). In that case, the supreme court noted that the prohibition against ex post facto laws generally does not apply to matters that are purely procedural; however, it concluded that the retrospective application of a statute making defendants convicted of capital felonies ineligible for a recommendation for executive clemency by the department of corrections, which previously had been available, under certain circumstances, to any prisoner sentenced to life, caused a substantial substantive disadvantage to the petitioner such that it constituted a violation of the ex post facto provision. Id. at 181-82. The state also cites State v. Hootman, 709 So.2d 1357, 1359 (Fla.1998)(holding section 921.141(5)(m), Florida Statutes (Supp.1996), which added an aggravating factor to those factors which jury may consider to determine whether the death penalty may be imposed, could not be imposed retroactively).
Nowhere in their responses to our order to show cause do the juveniles repeat the argument made below, that the change in the law makes them subject to adult sanctions on their juvenile adjudications. The “substantial substantive disadvantage” which is the basis for their claims would appear to be merely having the criminal division exercise jurisdiction over their pending juvenile dispositions rather than the juvenile division.
Generally speaking, the jurisdiction of a court is not a matter implicated by the ex post facto provisions. See Duncan v. State, 152 U.S. 377, 382-83, 14 S.Ct. 570, 38 L.Ed. 485 (1894)(“the prescribing of different modes of procedure, and the abolition of courts and creation of new ones, leaving untouched all the substantial protections with which the existing law surrounds the person accused of crime, are not considered within the constitutional inhibition”), (citations omitted).
We conclude that the new provision requiring the transfer of pending juvenile dispositions to the criminal division does not affect “a substantial substantive right” of the petitioners; its only effect is to alter which division of the circuit court has jurisdiction of those pending dispositions, and therefore the ex post facto prohibition is not implicated.
We have considered and reject the juveniles’ other argument, that the provision in question is unconstitutional as an invasion of the supreme court’s procedural rule-making authority. Merely because a law is “procedural” for purposes of an ex post facto analysis does not mean that it automatically infringes on the supreme court’s rule-making powers. See Lane v. Brith, 313 So.2d 91, 92 (Fla. 4th DCA 1975), cert. denied, 328 So.2d 842 (Fla.1976).
We find that the two juvenile courts departed from the essential requirements of *620 law in denying the state’s motions to transfer. The orders on review are quashed and the two juvenile judges are directed on remand to grant the motion to transfer in each of the pending cases.
DELL, GUNTHER and FARMER, JJ., concur.

. See U.S. Const, art I, § 10, cl. 1 ("No State shall ... pass any ... ex post facto Law.”); art. I, § 10, Fla. Const. ("No ... ex post facto law ... shall be passed.”).