732 So.2d 1153 (1999)
Jose MEDINA, Appellant,
v.
The STATE of Florida, Appellee.
No. 98-2497.
District Court of Appeal of Florida, Third District.
April 14, 1999.
*1154 Bennett H. Brummer, Public Defender, and Maria Lauredo, Assistant Public Defender, for appellant.
Robert A. Butterworth, Attorney General, and Richard L. Polin, Assistant Attorney General, for appellee.
Before NESBITT, COPE, and GODERICH, JJ.
COPE, J.
Jose Medina appeals his sentences imposed pursuant to a plea agreement. We affirm in part and reverse in part.
While serving juvenile community control for one offense ("the first juvenile case"),[1] defendant-appellant Medina committed a second offense ("the second juvenile case").[2] He entered a plea of admission to the second offense and the case awaited a juvenile disposition hearing. Also pending was an affidavit of violation of community control in the first case.
Defendant committed two more offenses and the State direct filed informations charging the defendant as an adult ("the adult cases").[3]See § 985.227, Florida Statutes (1997). Under a 1997 statute, the juvenile division transferred the juvenile cases to the felony division. See id. § 985.227(3)(b).
In exchange for a reduction in charges in the adult cases, defendant entered a guilty plea to the juvenile and adult cases.[4] At the sentencing hearing defendant was sentenced as an adult on the juvenile as well as the adult cases.
The defendant has appealed, contending that the trial court did not have the authority to impose adult sentences on the juvenile cases. Because this amounts to a claim of fundamental error, we entertain it even though this issue was not raised in the trial court. See Jordan v. *1155 State, 728 So.2d 748 (Fla. 3d DCA 1998); § 924.051, Fla. Stat. (1997); see also Amendments to the Florida Rules of Appellate Procedure, 696 So.2d 1103, 1105 (Fla.1996); Robinson v. State, 373 So.2d 898, 902 (Fla.1979).
Once a juvenile division judge finds (through an adjudicatory hearing or acceptance of a plea) that the child has committed a violation of law or delinquent act, the only permissible dispositions are in the juvenile system. See §§ 985.228-.31, Fla. Stat. (1997); State v. A.C., 714 So.2d 617, 619 (Fla. 4th DCA 1998). Both of the juvenile cases now before us were post-adjudicatory cases.
Under paragraph 985.227(3)(b), Florida Statutes, the juvenile cases were properly transferred to the felony division, where the two direct-filed adult cases were pending. The apparent intent of the statute is to promote efficiency by having all open juvenile cases transferred to the felony division handling the direct-filed cases.
Once transferred, however, post-adjudicatory juvenile cases retain their juvenile status. The only effect is to alter which division of the circuit court is responsible for the pending cases. See A.C., 714 So.2d at 619. The felony division judge does not have authority to impose an adult sentence on a child who has been adjudicated (whether by trial or plea) in the juvenile division.[5] We therefore reverse the adult sentencing orders on the two juvenile cases and remand for further proceedings.[6]
Defendant next contends that in the two adult cases there are scoresheet errors[7] and that the sentence amounted to an upward departure without departure reasons. Because these issues were not raised in the trial court, they are not preserved for appellate review, see § 924.051, Florida Statutes (1997), nor do they amount to fundamental error. See Davis v. State, 661 So.2d 1193, 1197 (Fla.1995).
Affirmed in part, reversed in part, and remanded for further proceedings consistent herewith.
NOTES
[1] Possessing an imitation controlled substance with intent to sell it, in circuit court case number 97-20034.
[2] Retaliating against a victim, in circuit court case number 97-20104.
[3] The informations charged robbery and aggravated battery in circuit court case number 97-30292 and robbery and battery in circuit court case number 97-30293. The State initially filed petitions in the juvenile division but nolle prossed them upon direct filing informations in the felony division.
[4] The written plea agreement covered the adult cases only, but in the plea colloquy and subsequent sentencing, the juvenile cases were included.
[5] To hold that an adult sentence could be imposed on an adjudicated juvenile would raise substantial constitutional issues because of the absence of full adult procedural rights, such as the right to jury trial, in the juvenile proceeding. See McKeiver v. Pennsylvania, 403 U.S. 528, 91 S.Ct. 1976, 29 L.Ed.2d 647 (1971); In re C.B., 708 So.2d 391 (La.1998); Osorio v. Rios, 429 F.Supp. 570 (D.P.R.1976); see also Williams v. State, 707 So.2d 683 (Fla.1998).
[6] As a practical matter, this may mean simply the entry of a disposition order reflecting unfavorable termination of juvenile supervision.
[7] Although defendant claims adverse score-sheet error, it also appears that there was an error favorable to him by reason of the failure to score victim injury.