PETERSON, J.
Thomas P. Hall appeals his convictions related to an organized securities fraud. Although there was conflicting evidence that the jury considered in arriving at its verdict of guilt, the verdict and judgment are supported by substantial competent evidence and we affirm.
Hall also objects to the amount of the restitution imposed by the sentencing court, arguing that some of the restitution ordered was not sufficiently related to the offenses for which he was convicted. Subsection 775.089(1), Florida Statutes (1997), allows compensation for those injuries directly or “indirectly’’ related to the offense committed by the defendant. Glaubius v. State, 688 So.2d 913 (Fla.1997). Here, Hall committed some of the offenses in concert with others and we conclude it was within the trial court’s discretion to order the defendant to pay the full amount of the restitution awarded. Moore v. State, 664 So.2d 343 (Fla. 5th DCA 1995).
*973 We do find merit in Hall’s objection to the imposition of investigative costs. The state sought $42,794 for investigative costs and Hall objected to $28,533 of that total, the amount attributed to services performed by a CPA firm. Section 938.27, Florida Statutes (1997) authorizes imposition of these costs, but only after adequate documentation has been provided to the court. E.g., Smith v. State, 714 So.2d 1152 (Fla. 2d DCA 1998). The record is devoid of that necessary documentation and $28,533 of the $42,794 imposed is stricken so that the final assessment for investigative costs is $14,261.
Finally, Hall objects for the first time on appeal to the assessment of 112 points on his scoresheet because the charge of conspiracy to commit racketeering was scored as a level eight offense, rather than a level seven. Unfortunately, the issue was not preserved for our review and Hall specifically agreed to the total points reflected on his scoresheet. § 924.051, Fla. Stat. (1997); e.g. Medina v. State, 732 So.2d 1153 (Fla. 3d DCA 1999); Maddox v. State, 708 So.2d 617 (Fla. 5th DCA), rev. granted, 718 So.2d 169 (Fla.1998).
AFFIRMED IN PART; REVERSED IN PART; REMANDED.
COBB and GRIFFIN, JJ., concur.