ON MOTION FOR CLARIFICATION

PER CURIAM.
Upon consideration of the motion for clarificátion filed by appellant Jeffery Nelson, we withdraw the opinion filed in this case on March 22, 2000 and substitute the following opinion.
Nelson appeals the conviction and sentence he received in adult court. Nelson argues, that section 985.227(3)(b), Florida Statutes (1997),[1] does not allow the adult court judge to sentence a juvenile as an adult, although the section mandates the transfer of all preadjudicatory cases then pending against, a transferred juvenile to adult court. We affirm on the finding that the statute gives the trial judge discretion to sentence a juvenile to adult sanctions when a case is transferred from juvenile to adult court • pursuant to section 985.227(3)(b).
Nelson was charged in juvenile court with possession of cocaine with intent to sell or deliver, resulting from an offense he committed when he was 15 years old. Thereafter, while the case had an adjudicatory hearing pending in juvenile court, Nelson was charged in adult court with grand theft of a motor vehicle and third-degree felony murder. The State subsequently charged Nelson in adult court with the cocaine possession charge, and Nelson moved to dismiss the information, alleging that it should be handled by the adult court as a juvenile matter.
The adult trial court denied Nelson’s motion to dismiss the possession of cocaine charge, finding that the statute required the transfer of the case to adult court. The trial court, however, did not require that the transferred case be treated as a juvenile case, and Nelson pled nolo conten-dere and was sentenced on the possession offense as an adult.
We find that the trial court correctly determined that there is no requirement that the adult court judge treat a transferred case as a juvenile case for sentencing under section 985.233(4), Florida Statutes (1997). Section 985.227(3)(b), Florida Statutes (1997) created a statutory exception that is tantamount to an involuntary waiver of a child’s juvenile case into adult court. Thus, although section 985.227(3)(b) was amended in 1999, the amendment simply clarified the legislative intent that when a juvenile commits an *624 offense that qualifies for direct filing in the criminal division or otherwise qualifies for transfer for criminal prosecution in adult court, any felony charges for which the child has not yet entered a plea or where findings of guilt have not yet been made are to be transferred for prosecution as an adult.
Affirmed.

. Section 985.227(3)(b), Fla. Stat. (1997), provides that:
When a child is transferred for criminal prosecution as an adult, the court shall immediately transfer and certify to the appropriate court all preadjudicatory ■ cases that pertain to that child which are pending in juvenile court, including, but not limited to, all cases involving offenses that occur or are referred between the date of transfer and sentencing in adult court and all outstanding juvenile disposition orders. The juvenile court shall make every effort to dispose of all predispositional cases and transfer those cases to the adult court pripr to. adult sentencing. It is the intent of the Legislature to require all cases occurring pri- or to the sentencing hearing in adult court to be handled by the adult court for final resolution with the original transfer case.
(emphasis added).