MONACO, J.
In this appeal of his judgment and sentence, the appellant, Adam Bollenback, asserts that the trial court imposed an illegal sentence by committing him as an adult to a lengthy prison term in the custody of the Department of Corrections, even though a pre-disposition report prepared by the Department of Juvenile Justice contained a recommendation that he receive only juvenile sanctions. Because Bollenback was charged, tried and convicted as an adult, however, we find no error and affirm.
Bollenback, who was 17 years old when the offenses were committed, was charged by information as an adult with one count of burglary of a dwelling, one count of escape from a law enforcement officer, and one count of petit theft. He was tried as an adult by jury trial and found guilty as charged. At Bollenback’s request the trial court asked for and received a Juvenile Predisposition Report from the Depart *1268 ment of Juvenile Justice. The report recommended that Bollenback be placed in a high risk juvenile commitment facility. The trial court also requested a presen-tence investigation from the Department of Corrections, which reflected a lowest permissible prison sentence of 45 months, and a maximum of 30 years.
At the sentencing hearing the trial court considered the testimony of Bollenback and his mother, and considered, as well, psychological, substance abuse and mental acuity information about Bollenback. His attorney argued for treatment as a juvenile, but the court decided to sentence the appellant as an adult to a prison term.[1]
Bollenback postulates that his prison sentence was illegal because the trial court “did not place on the record or in writing any facts on which the Court was relying in deciding to sentence the Defendant to greater sanctions than the sanctions recommended by the Department of Juvenile Justice.” He points out that § 985.23(3)(a) and (c), Fla.Stat. (2000), requires the court to make specific findings when adjudicating a child as delinquent and committing the child to the Department of Juvenile Justice, and when committing the child at a restrictiveness level different from that recommended by the Department. From this premise Bollenback asserts that in the absence of written findings, he was entitled to be sentenced as a juvenile, regardless of the fact that he was charged and tried as an adult.
The imposition of adult sanctions on a juvenile prosecuted as an adult, however, is governed by § 985.233 Fla.Stat. (2000). Subsection (1) of that statute gives the trial court the option to impose adult or juvenile sanctions, and sets out the criteria to be considered by the court in making this decision. Subsection (4) discusses the sentencing requirements and alternatives available when a child has been charged either by indictment or information, and is tried as an adult. Subparagraph (4)(a)4 of that statute provides, as follows:
4. Any sentence imposing adult sanctions is presumed appropriate, and the court is not required to set forth specific findings or enumerate the criteria in this subsection as any basis for its decision to impose adult sanctions.
While Bollenback may have preferred that the trial judge articulate his reasoning in sentencing him as an adult, the simple fact is that the judge was under no obligation to do so. Section 985.23 does not apply when the subject is sentenced as an adult. Cf. Nelson v. State, 757 So.2d 622 (Fla. 3d DCA 2000); Lutz v. State, 664 So.2d 1060 (Fla. 4th DCA 1995).
AFFIRMED.[2]
SAWAYA, C.J., and ORFINGER, J, concur.

. Bollenback did not challenge the propriety of the election by the State to prosecute him as an adult.

. While Bollenback also argues an evidentiary issue as error, we find no merit to his position.