DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JOSHUA SARGEANT,**
Petitioner,

v.

**STATE OF FLORIDA,**
Respondent.

No. 4D17-3753

[April 4, 2018]

Petition for writ of prohibition to the Seventeenth Judicial Circuit, Broward County; Edward Harold Merrigan, Judge; L.T. Case No. 17-10817CF10A.

Howard Finkelstein, Public Defender, and Sarah Sandler, Assistant Public Defender, Fort Lauderdale, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Jeanine Germanowicz, Assistant Attorney General, West Palm Beach, for appellee.

GROSS, J.

Joshua Sargeant challenges his prosecution in Broward adult circuit court for burglary of an unoccupied conveyance, a third-degree felony allegedly committed when he was fourteen years old. His case was transferred to adult court based on an unrelated and pending prosecution as an adult in St. Lucie County, which is in a different judicial circuit. He contends that, under section 985.557(3)(b), Florida Statutes (2017), transfer to adult court is authorized only if adult charges are pending in the same circuit. We reject this argument and deny prohibition.[1]

---

[1] Sargeant filed this case as a petition for writ of certiorari following a circuit court order denying his motion to dismiss. We elected to treat this case as a petition for writ of prohibition under Florida Rule of Appellate Procedure 9.040(c), based on case law recognizing that prohibition lies in disputes on the issue of jurisdiction between juvenile and adult divisions of the circuit court. *See, e.g., Alton v. Conkling*, 421 So. 2d 1108, 1110 (Fla. 5th DCA 1982); *Robidoux v. Coker*, 383 So. 2d 719 (Fla. 4th DCA 1980); *State ex rel. Register v. Safer*, 368 So. 2d 620 (Fla. 1st DCA 1979).

The legislature has given subsection 985.557(3) a name—"EFFECT OF DIRECT FILE." Subsection 985.557(3)(a) implements the policy "once sentenced as an adult, always an adult." Subsection (a) provides that once a juvenile has "been transferred for criminal prosecution pursuant to an information and has been found to have committed the presenting offense or a lesser included offense," the juvenile "shall be handled thereafter in every respect as if an adult for *any* subsequent violation of state law, unless the court imposes juvenile sanctions under s. 985.565." (Emphasis added). The statute does not tie its impact to the same circuit where the juvenile was prosecuted and sentenced as an adult because adult treatment is mandated for "any" subsequent state prosecution.

Consistent with the treatment of a juvenile sentenced as an adult in subsection (3)(a), subsection 985.557(3)(b) describes the treatment of a juvenile "who is transferred for criminal prosecution as an adult" and who has other pending cases—the child must be prosecuted as an adult for all outstanding felony charges.

> (b) When a child is transferred for criminal prosecution as an adult, the court shall immediately transfer and certify to the adult circuit court *all felony cases pertaining to the child, for prosecution of the child as an adult,* which have not yet resulted in a plea of guilty or nolo contendere or in which a finding of guilt has not been made. If a child is acquitted of all charged offenses or lesser included offenses contained in the original case transferred to adult court, all felony cases that were transferred to adult court as a result of this paragraph shall be subject to the same penalties to which such cases would have been subject before being transferred to adult court.

§ 985.557(3)(b), Fla. Stat. (2017) (emphasis added). Once again, the statute is not circuit-specific; transfer to "adult court" is required of "all felony cases," wherever their geographic location may be.

Applying the plain language of section 985.557, the transfer of the Broward case to adult court was authorized because of Sargeant's pending prosecution as an adult in St. Lucie County.

We reject the application of *State v. A.C.*, 714 So. 2d 617 (Fla. 4th DCA 1998), and *Medina v. State*, 732 So. 2d 1153 (Fla. 3d DCA 1999), because those cases construed the 1997 version of the statute, which was

- 2 -

substantially different.[2]  The statute was amended to its current form in 1999.  *See* Ch. 99-284, § 26, Laws of Fla.

*A.C.* involved juveniles who had committed offenses and were adjudicated delinquent before October 1, 1997, which is when the transfer provision in the statute first went into effect.  The juveniles opposed transfer arguing that subjecting them to adult sanctions would increase the punishment for their offenses and violate *ex post facto* laws.  714 So. 2d at 618.  *A.C.* interpreted the 1997 statute and concluded that its "objective" was to have "all pending delinquency and criminal proceedings before the same court at the same time."  *Id.*  *A.C.* held that no *ex post facto* violation occurred because the only effect of the transfer provision was "to alter which division of the circuit court has jurisdiction of those pending dispositions."  *Id.* at 619.

Similarly, *Medina* construed the 1997 version of the statute and believed that the purpose of transferring postadjudicatory juvenile cases to the adult court was to promote efficiency.  732 So. 2d at 1155 ("The apparent intent of the statute is to promote efficiency by having all open juvenile cases transferred to the felony division handling the direct-filed cases.").  *Medina* held that "[o]nce transferred, however, post-adjudicatory juvenile cases retain their juvenile status.  The only effect is to alter which division of the circuit court is responsible for the pending cases."  *Id.*

The effect of the 1999 amendment was to clarify that only felony cases, "which have not yet resulted in a plea of guilty or nolo contendere or in which a finding of guilt has not been made," would be transferred but that

---

[2] The 1997 version of the statute provided:

> When a child is transferred for criminal prosecution as an adult, the court shall immediately transfer and certify to the appropriate court all preadjudicatory cases that pertain to that child which are pending in juvenile court, including, but not limited to, all cases involving offenses that occur or are referred between the date of transfer and sentencing in adult court and all outstanding juvenile disposition orders. The juvenile court shall make every effort to dispose of all predispositional cases and transfer those cases to the adult court prior to adult sentencing. It is the intent of the Legislature to require all cases occurring prior to the sentencing hearing in adult court to be handled by the adult court for final resolution with the original transfer case.

§ 985.227(3)(b), Fla. Stat. (1997).

those cases lose their juvenile status.  The transfer provision was amended as follows:

> (b) When a child is transferred for criminal prosecution as an adult, the court shall immediately transfer and certify to the <u>adult circuit</u> ~~appropriate~~ court all <u>felony</u> ~~preadjudicatory~~ cases <u>pertaining to the child, for prosecution of the child as an adult, which have not yet resulted in a plea of guilty or nolo contendere or in which a finding of guilt has not been made. If a child is acquitted of all charged offenses or lesser included offenses contained in the original case transferred to adult court, all felony cases that were transferred to adult court as a result of this paragraph shall be subject to the same penalties to which such cases would have been subject before being transferred to adult court</u> ~~that pertain to that child which are pending in juvenile court, including, but not limited to, all cases involving offenses that occur or are referred between the date of transfer and sentencing in adult court and all outstanding juvenile disposition orders. The juvenile court shall make every effort to dispose of all predispositional cases and transfer those cases to the adult court prior to adult sentencing. It is the intent of the Legislature to require all cases occurring prior to the sentencing hearing in adult court to be handled by the adult court for final resolution with the original transfer case.~~

Ch. 99-284, 26, Laws of Fla. (amending section 985.227(3)(b), Fla. Stat. (1997)).[3]

The amended statute makes clear that transferred cases regain juvenile status only if the child is acquitted in the original direct file case.  The intent of the statute as amended is not simply to promote efficiency as was suggested in *A.C.* and *Medina.  Nelson v. State*, 757 So. 2d 622, 623–24 (Fla. 3d DCA 2000) (explaining that "the [1999] amendment simply clarified the legislative intent that when a juvenile commits an offense that qualifies for direct filing in the criminal division or otherwise qualifies for transfer for criminal prosecution in adult court, any felony charges for which the child has not yet entered a plea or where findings of guilt have not yet been made are to be transferred for prosecution as an adult.").

---

[3] The statute was subsequently renumbered to its present location in 985.557(3)(b), Florida Statutes (2017), but the language remains the same.

The plain language of the amended statute describes the state-wide effect of a direct file of adult charges against a juvenile. The transfer of felony cases, "which have not yet resulted in a plea of guilty or nolo contendere or in which a finding of guilt has not been made," to the adult court "for prosecution of the child as an adult" is not limited to felony cases pending within the same circuit. § 985.557(3)(b).

*Petition for writ of prohibition denied.*

GERBER, C.J., and DAMOORGIAN, J., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***