**John Grafton GRAY, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 25195.**

United States Court of Appeals Fifth Circuit.

March 6, 1969.

John Grafton Gray, Lewisburg, Pa., pro se.

Robert B. McGowan, Asst. U. S. Atty., Tampa, Fla., for appellee.

Before JOHN R. BROWN, Chief Judge, WISDOM, Circuit Judge, and BREWSTER, District Judge.

JOHN R. BROWN, Chief Judge:

From the denial of a § 2255 motion to vacate judgment,[1] appellant has attacked his conspiracy and counterfeiting convictions of May 8, 1963, on three grounds. First, denial of a severance from his co-defendant James J. Russo resulted in deprivation of a fair trial. Second, admission of a "mug" photograph so prejudiced the jury that this, too, deprived him of a fair trial. And,

1. 28 U.S.C.A. § 2255.

third, perjured material testimony of a Secret Service Agent was knowingly used by the government to obtain his conviction.

Time and tide which wait for no man and the congenital delay of adjudication are often deplored. Here delay and time have wrought a great boon to appellant. During the pendency of the present appeal, the United States Supreme Court decided the case of Bruton v. United States, 1968, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476, and, shortly, further held that the *Bruton* rule was to be applied retroactively. Roberts v. Russell, 1968, 392 U.S. 293, 88 S.Ct. 1921, 20 L. Ed.2d 1100. We conclude that *Bruton—Roberts* supports the validity of appellant's first contention, and that, therefore, the judgment of the District Court must be reversed with directions to grant the motion to vacate.

In 1963 Gray was convicted on three counts of an indictment charging violations of the counterfeiting laws and conspiracy to violate those laws. He was sentenced to serve a total of twelve years imprisonment on the three counts, and on direct appeal the judgment was affirmed by this court.[2]

Gray was tried with two other co-defendants, Lewis Llerandi and James J. Russo. During the course of the joint trial, the prosecution introduced an out-of-court statement made by Russo to a government agent named Peppers. Over the objection of Gray's counsel, Peppers testified to the contents of Russo's statement, which not only implicated Gray in the crime, but also portrayed him as the prime mover in the scheme to pass the bogus bills. The court later gave jury instructions limiting the use of these statements to the case against Russo. In his direct appeal, Gray unsuccessfully sought reversal on the ground that Pepper's damaging testimony should have been excluded, either because

an adequate predicate for its admission had not been laid, or because the statements testified to (Russo's) were made after the alleged conspiracy had terminated.[3]

In the motion to vacate now before us, however, Gray argues first that the trial court's failure to grant him a severance was an abuse of discretion, and that the admission of Russo's out-of-court statement implicating Gray amounted to a violation of Gray's Sixth Amendment right to confront the witnesses against him. The government responds, and we agree, that the question of severance does not ordinarily constitute error of significant magnitude to justify vacating a sentence under 28 U.S.C.A. § 2255. However, *Bruton* demonstrates that under circumstances like those of the case before us, the issue is no longer simply a question of the discretion of the trial judge in refusing a severance. Rather, the issue is focused on what takes place during such a non-severed trial. On that approach, the receipt of this out-of-court evidence over timely objection orbits to a constitutional apogee within the thrust of § 2255.

The situation in *Bruton* was basically identical with that presented here. The complaining defendant there was convicted at a joint trial in which a co-defendant's out-of-court confession inculpating the defendant was admitted, and the jury was given limiting instructions that this confession was to be disregarded in determining the guilt or innocence of the defendant. Quite aware that it was reaching factual-psychological judgments contrary to its earlier, but recent, Delli Paoli v. United States, 1957, 352 U.S. 232, 77 S.Ct. 294, 1 L.Ed.2d 278, the Supreme Court held that "because of the substantial risk that the jury, despite instructions to the contrary, looked to the incriminating extrajudicial statements in determining petitioner's

---

2. Gray v. United States, 5 Cir., 1965, 340 F.2d 321.

3. Gray also claimed error in the charge. This court's decision took the form of a

terse statement that neither the complaint about the evidence or the charge "[had] enough merit to warrant discussion." 340 F.2d at 321.

guilt, admission of [the co-defendant's] confession in this joint trial violated petitioner's right of cross-examination secured by the Confrontation Clause of the Sixth Amendment". 391 U.S. at 126, 88 S.Ct. at 1622, 20 L.Ed.2d at 479. If true in *Bruton,* it is equally true in this case that "the introduction of [the co-defendant's] confession added substantial, perhaps even critical, weight to the Government's case in a form not subject to cross-examination, since [the co-defendant] did not take the stand." Id. at 128, 88 S.Ct. at 1623, 20 L.Ed.2d at 480.[4]

In summary, we hold that under Bruton v. United States, *supra,* Gray was denied his constitutional right to cross-examination, secured by the Confrontation Clause of the Sixth Amendment. Consequently, the motion to vacate the conviction must be granted.[5]

Reversed and remanded.

4. Appellant's challenge to his conviction by this motion to vacate is not in any way foreclosed by notions of waiver. Counsel's trial objections to the admissibility of the evidence in question indicated his concern for the damaging nature of the testimony, even though the objections were not sustainable on the grounds offered. At the time of Gray's trial, the case of Delli Paoli v. United States, 1957, 352 U.S. 232, 77 S.Ct. 294, 1 L.Ed.2d 278, upholding the procedure used in Gray's trial, was still on the books. Certainly Gray's counsel could not be faulted for failing to make a Sixth Amendment objection to the admission of the evidence. Cf. Grosso v. United States, 1968, 390 U.S. 62, 88 S.Ct. 709, 19 L.Ed.2d 906.

5. Because we have disposed of this case on the basis of Gray's first contention, we intimate no judgment on his remaining claims.