**Clarence BALLARD, Petitioner-Appellant,**

v.

**Ross MAGGIO, Jr., Acting Warden, Louisiana State Penitentiary, Respondent-Appellee.**

No. 75–2199.

United States Court of Appeals, Fifth Circuit.

Jan. 10, 1977.

George M. Strickler, Jr., New Orleans, La., Paul Kidd, Monroe, La., for petitioner-appellant.

Nathan E. Wilson, James E. Boren, Baton Rouge, La., for respondent-appellee.

Before BROWN, Chief Judge and GOLD-BERG and RONEY, Circuit Judges.

JOHN R. BROWN, Chief Judge:

Clarence Ballard, acting on advice from his retained counsel, pleaded guilty to manslaughter. He had been indicted for murder and the guilty plea was the result of a plea bargain, although it turned out to be not much of a bargain in the end. After the plea but before sentencing Ballard retained new counsel who entered a motion to withdraw the plea. The motion stated the following grounds for withdrawal:

1) defendant is not guilty of either the crime he has pled not guilty to or the crime that he has pled guilty to;

2) *defendant entered his plea of guilty through ignorance and intimidation*;

3) defendant pled guilty within forty-eight hours of his arrest. (Emphasis added.) R. at 14.

The motion was denied and Ballard was sentenced to 21 years, the maximum punishment for the crime. At that time he had been on parole from a life sentence for a previous crime. Because of the guilty plea the parole was revoked and the 21-year sentence was ordered to be served consecutive to the life sentence.

Ballard appealed the denial of the motion to withdraw to the Louisiana Supreme Court which affirmed the lower court's decision. The appeal was based in part on Ballard's claim of ineffective assistance of counsel. Although the state Supreme Court affirmed the lower court's denial of

the motion to withdraw, the following excerpt from their opinion makes it clear that they did consider the effectiveness issue and were all but persuaded by that issue.

We are not entirely satisfied that the defendant was not deprived of his day in court through the failure of his then-retained counsel to prepare his defense. With some reservation also, we note that such counsel was not called upon by the State to refute the uncontradicted contentions of the defendant and his wife that such counsel had overborne the defendant's objections to pleading guilty by in effect dictating a plea of guilty in view of counsel's lack of preparation for the trial on that morning.

*State v. Ballard,* La.1973, 282 So.2d 448, 449. Ballard then filed motions for a rehearing and for a stay of execution which were also denied by the state Supreme Court.

Ballard finally sought habeas corpus relief in the state district court again based on ineffective assistance of counsel. The relief was denied since "the identical question was presented to the Louisiana Supreme Court and the relief prayed for was denied." R. at 25. Ballard brought no further actions in the state courts.

He brings this habeas petition pursuant to 28 U.S.C.A. § 2241(c)(3). The lower court found that Ballard had failed to exhaust state remedies on the effectiveness of counsel issue, and that while he had exhausted state remedies on the motion to withdraw his plea, the state court had committed no reversible error on that motion. It dismissed the case. Ballard appeals from that dismissal. We reverse and remand.

In this appeal two issues arise. First, did Ballard exhaust his state remedies before bringing this federal habeas? Second, was he in fact denied either his Sixth Amendment right to counsel or his Fourteenth Amendment right to due process of law?

### Exhaustion

■ Section 2254(b) provides that "an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State . . . ." The exhaustion requirement is not a jurisdictional prerequisite. It is founded on the more flexible principles of comity. The federal court postpones jurisdiction, it does not relinquish it. Federal jurisdiction attaches by reason of the alleged unconstitutional detention and cannot be defeated by what the state court may decide. *Fay v. Noia,* 1963, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837; *Darr v. Burford,* 1950, 339 U.S. 200, 70 S.Ct. 587, 94 L.Ed. 761; *Waddell v. Wainwright,* 5 Cir., 1968, 410 F.2d 736; *Beto v. Martin,* 5 Cir., 1968, 396 F.2d 432.

■ Our examination of the record leads us to conclude that while it may not have been artfully done, Ballard has exhausted his state remedies on the effectiveness issue. At every stage of this appeal Ballard has contended—though sometimes vaguely—that his motions were based on ineffective assistance of counsel. In his original motion to withdraw his guilty plea he alleged that it had been entered through "ignorance and intimidation." R. at 14. The supporting brief asserted that Ballard had no knowledge that his case had been set for trial until the day of the trial, his attorney advised him to plead guilty to manslaughter because he would have to go to jail anyway for violating probation, and the attorney told him not to tell the court that he had been told to plead guilty by his counsel. R. at 17.

At the hearing on the motion to withdraw the guilty plea Ballard testified that he thought they were going to court on January 23rd to get a new trial date set and that only after arriving at the courthouse did his counsel advise him that they would be going to trial that day. He further testified that he thought he was originally charged with manslaughter, not murder, since he believed there could be no bond for someone indicted for murder and he had been free on bond. Ballard also testified that his counsel failed to question the witnesses favorable to the defense and that on

January 23, 1973, his counsel would not answer his questions prior to his pleading guilty. App. at 45.

While these statements of fact were given as justifications for the withdrawal of the guilty plea it appears clear to us that the Louisiana courts considered these ineffectiveness allegations at every stage of the appeal.

■ The failure to appeal the denial of habeas by the state district court does not bar relief here. When it denied habeas the Louisiana district court stated that the issue had already been spoken to by the state Supreme Court in its earlier denials. Ballard was not required to go through the state appellate system a second time on an "identical question" in the hopes that after bridging the Court of Appeals the Louisiana Supreme Court would decide it favorably.

Contrary to the District Court we hold that petitioner has sufficiently exhausted his state remedies on ineffective counsel.

### Effective Assistance of Counsel

■ The record is replete with Ballard's allegations that his attorney failed to meet reasonable standards of assistance. The trial court had the opportunity to question the counsel at the time Ballard filed his first motion to withdraw the plea. The attorney had been subpoenaed for the hearing on the motion but was not called by the state or the court. The solution to the problem was very near but it eluded the lower state court. By calling the attorney as a witness and asking probing questions to determine whether Ballard's allegations were in fact true, the effectiveness issue could have been laid to rest. Certainly more than an ex parte hearing was called for in circumstances where such serious allegations are made.

The Louisiana trial judge relied on the _Boykin_[1] examination he conducted to rule that the plea of guilty was not made through ignorance or intimidation. But a _Boykin_ examination is not a miracle cure for a defective plea at the hands of ineffective counsel. The diligence of the trial court, no matter how great, cannot offset the denial of a fundamental right. If someone were intimidated enough to plead guilty when he felt that he was not guilty he could also be intimidated enough to conceal the circumstances of the plea bargain even with such probing questions as were asked here. When such an allegation is made the thing to do within the principles of _Fitzgerald_,[2] is have an examination into all the facts and try to determine whether the plea was in fact coerced, in spite of the _Boykin_ examination.

The question we now face is whether (i) the ineffectiveness of Ballard's counsel was so outrageous as to render the trial fundamentally unfair and a violation of the Fourteenth Amendment right of due process, or (ii) whether there was both a denial of the Sixth Amendment right to counsel and sufficient state action to allow us to grant relief. Our solution will be based on _Fitzgerald, supra_,[3] which through Judge Clark the court en banc said,

In sum, whenever the actions of retained counsel operate to deprive the trial of fundamental fairness then the Fourteenth Amendment due process had been violated notwithstanding any kind of specific involvement by a particular state official. If a retained counsel's actions do not sap the proceedings' fundamental fairness, but are challenged as less than reasonably effective in violation of the

---

1. The Supreme Court in _Boykin v. Alabama_, 1969, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274, laid the predicate that in determining whether a plea of guilty is voluntarily and knowingly made the court examines the defendant to see if there was "ignorance, incomprehension, coercion, terror, inducement, subtle or blatant threats." 395 U.S. at 243, 89 S.Ct. at 1712.

2. _Fitzgerald v. Estelle_, 5 Cir., 1975, 505 F.2d 1334.

3. While we note that we are applying _Fitzgerald_ to a guilty plea case we do not think this action is inappropriate. _See Tollett v. Henderson_, 1973, 411 U.S. 258, 93 S.Ct. 1602, 36 L.Ed.2d 235, and _Colson v. Smith_, 5 Cir., 1971, 438 F.2d 1075.

Sixth Amendment, state involvement through actual or constructive awareness of the error by the judge, prosecutor, or other responsible official who could have corrected it, must be shown.

*Fitzgerald,* at 1338.

Assuming that state action can be found on the facts in this case then the effectiveness issue can be determined simply on the usual standards of attorney competence. *See Alvarez v. Wainwright,* 5 Cir., 1975, 522 F.2d 100.

From the record before us we cannot tell whether there was a violation of either standard set in *Fitzgerald.* Thus we remand to the district court for a full evidentiary hearing to determine, within *Fitzgerald's* perimeters, whether Ballard's counsel was so inadequate that his guilty plea was not voluntary and sufficiently implicated state representatives such as the state prosecutor, trial judge, or both, so as to constitute state action or whether, absent state action triggering the Sixth Amendment, he was thereby denied the right to due process of law.

REVERSED and REMANDED.