Roderick WILSON, Petitioner–Appellant,

v.

C.M. LENSING and Attorney General of Louisiana, Respondents–Appellees.

No. 91–3123
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Sept. 27, 1991.

Roderick Wilson, pro se.

Michael John Reynolds, Orleans Parish Dist. Atty. Office and Martin L. Melton, Asst. Dist. Atty., New Orleans, La., for respondents-appellees.

Before JONES, DUHÉ and WIENER, Circuit Judges.

PER CURIAM:

Petitioner–Appellant Roderick Wilson complains that the federal district court erred in denying his petition for habeas corpus grounded in the Constitution's prohibition against ex post facto laws. Finding that the district court correctly determined that Wilson had not been subjected to an ex post facto violation by retroactive application of Louisiana's amendment of a statute affecting the jurisdiction of its sentencing courts for purposes of imposing multiple offender sentences, we affirm.

## I.

In 1977 Wilson was convicted by a state court in Louisiana of two counts of armed robbery. At sentencing, on September 8, 1977, the defense moved for a speedy resolution of an habitual offender matter. The trial court, however, denied the motion as premature because the state had not yet filed an habitual offender bill, and sentenced Wilson to 35 years on each of the two counts, to run concurrently. On September 20, 1977, the state filed an habitual bill pursuant to La.Rev.Stat.Ann. § 15:529.1 (West 1981 & Supp.1991). Before considering the state's multiple offender bill, the sentencing court entered an order, on September 22, 1977, granting Wilson's motion for appeal.

Thereafter, in response to the state's September 20th motion, the court found Wilson guilty of being a second offender as to one of the two armed robbery counts. Thus, the court vacated the original 35-year sentence on that count and resentenced Wilson to 35 years as a second offender, to run concurrently with the sentence he had received on the other count. Wilson's convictions and sentences were affirmed on direct appeal, *State v. Wilson*, 360 So.2d 166 (La.1978), and his pursuit of state post-conviction relief proved unavailing. *See State ex rel. Wilson v. Becker*, 541 So.2d 889 (La.1989).

Years later Wilson filed this federal petition for habeas corpus relief contending that the application of a statutory provision passed in 1986, approximately nine years after he was convicted and sentenced, permitting the trial court to sentence him on a multiple offender bill after the order of appeal had been entered, was an *ex post facto* violation. The federal district court denied habeas relief, *Wilson v. Lensing*, 755 F.Supp. 153 (E.D.La.1991), Wilson timely filed a notice of appeal, and the district court granted a certificate of probable cause.

## II.

At the time of Wilson's conviction and sentencing, Louisiana law provided that the jurisdiction of the trial court was divested upon the entry of the order granting a defendant's appeal. La.Code Crim.Proc. Ann. art. 916 (West 1981). Consequently, after an order of appeal had been entered the trial court was without jurisdiction to sentence the defendant on a later multiple offender bill. *State v. Sharper*, 383 So.2d 1248 (La.1980), *writ denied*, 478 So.2d 1238 (La.1985); *State ex rel. Tuesno v. Maggio*, 441 So.2d 1226 (La.1983).

In 1986, the Louisiana legislature amended art. 916 to include among its exceptions to the divesting of the trial court's jurisdiction the ability to sentence a defendant pursuant to conviction as an habitual offender under § 15:529.1. *See* La.Code Crim.Proc.Ann. art. 916(8) (West Supp. 1991). In *State v. Abbott*, 508 So.2d 80 (La.1987), the Louisiana Supreme Court held that art. 916 as amended should be applied retroactively to uphold the validity of previous habitual offender proceedings that had taken place after the entry of the order of appeal.

Wilson asserts that the amendment of art. 916 combined with its retroactive application under the holding in *Abbott* operates as an *ex post facto* violation because, without the retroactive application, the trial court had no jurisdiction to impose the habitual offender sentence after the order granting his appeal had been entered.

Although the specific issue presented by this case appears to be one of first impression in this circuit, Wilson's claim can be readily resolved by reference to well-established legal principles.

■ The Supreme Court has recently addressed the nature of *ex post facto* violations. In *Collins v. Youngblood*, —— U.S. ——, 110 S.Ct. 2715, 111 L.Ed.2d 30 (1990), the Court determined that the *ex post facto* clause's prohibition is triggered only by a statute which

> punishes as a crime an act previously committed, which was innocent when done; which makes more burdensome the punishment for a crime, after its commission, or which deprives one charged with crime of any defense avail-

able according to law at the time when the act was committed.

110 S.Ct. at 2719 (quoting *Beazell v. Ohio,* 269 U.S. 167, 169–70, 46 S.Ct. 68, 68, 70 L.Ed. 216 (1925)). The Constitution requires more for an *ex post facto* violation than simply a retrospective law that alters the situation of a defendant to his disadvantage. *Collins,* 110 S.Ct. at 2723. Nevertheless, a state cannot immunize from scrutiny a retrospective change in the law simply by labeling it as "procedural." Clearly certain procedural changes may deprive a defendant of substantial protections in such a way as to constitute an *ex post facto* violation. *See id.* at 2720–21 (citing, *inter alia, Beazell,* 269 U.S. at 171, 46 S.Ct. at 69, and *Duncan v. Missouri,* 152 U.S. 377, 382–83, 14 S.Ct. 570, 571–72, 38 L.Ed. 485 (1894)).

█ Even so, the retroactive application of amended art. 916 of which Wilson complains does not pose an *ex post facto* problem. Giving retroactive jurisdiction to the sentencing court to sentence Wilson under the state's habitual offender provision after the entry of the order of appeal did not increase the punishment to which Wilson was subjected. Prior to the amendment of art. 916 to provide for the jurisdictional exception for an habitual offender bill, the jurisdiction of sentencing courts was divested only during the pendency of appeals. Therefore, after appeal, sentencing courts would again be vested with jurisdiction and could at that time undertake resentencing on a multiple offender bill. *See Sharper,* 383 So.2d at 1248; *Tuesno,* 441 So.2d at 1226; *see also* § 15:529.1(D).

At no time did Wilson have the benefit of not being subject to an habitual offender sentence; it was only a matter of when the sentence could be imposed. Thus, the retroactive application of art. 916 did not deprive Wilson of any advantage that would have been available to him without its retroactive application. Because the change in art. 916 giving the sentencing court jurisdiction to pass on an habitual offender bill after the entry of an order of appeal did not (1) render criminal conduct that was legal when committed, (2) increase the punishment that could be imposed, or (3) ren-

der unavailable to him a defense that was available at the time he committed the offense, the retroactive application of the provision does not comprise an *ex post facto* violation. *See Collins,* 110 S.Ct. at 2724.

AFFIRMED.