HIGGINBOTHAM, J.
|2The defendant, Derrick Wayne Douglas, was charged by bill of information with possession with intent to distribute cocaine, a violation of LSA-R.S. 40:967(A). He pled not guilty. The State amended the bill of information to charge the defendant with possession of cocaine, a violation of LSA-R.S. 40:967(C). The defendant pled not guilty to the amended charge. The defendant was tried by a jury and found guilty of the responsive offense of attempted possession of cocaine, in violation of LSA-R.S. 40:967(C) and LSA-R.S. 14:27. See also LSA-R.S. 40:979. The defendant filed a pro se motion for post-verdict judgment of acquittal. The State filed a habitual offender bill of information. A hearing was held on the habitual offender bill of information, and the defendant was adjudicated a fourth-felony habitual offender.[1] The defendant was sentenced to life imprisonment without the benefit of probation, parole,, or suspension of sentence. The trial court denied the defendant’s motion to reconsider sentence. Later, the court also denied the defendant’s pro se motion for post-verdict judgment of acquittal.
*395 The defendant appealed. On June 19, 2009, in an unpublished opinion, this court found merit in the defendant’s claim that the trial court failed to rule on the pro se motion for post-verdict judgment of acquittal before sentence. We noted that the trial court no longer had jurisdiction over the case at the time of the ruling on the pro se motion for post-verdict judgment of acquittal.[2] We vacated the sentence and remanded the matter to the trial court for further proceedings. State v. Douglas, 09-0002 (La.App. 1st Cir.6/19/09), 11 So.3d 1246.
IsOn remand, the trial court denied the defendant’s motion for post-verdict judgment of acquittal. After a second habitual offender hearing, the defendant was again found to be a fourth-felony habitual offender and sentenced to life imprisonment at hard labor. The defendant moved for reconsideration of the sentence. The trial court denied the motion. The defendant now appeals, urging the following assignments of error by counseled and pro se briefs:

Counseled:

1.The trial court erred in imposing a sentence herein which is unconstitutionally excessive.

Pro se:

1. The trial court erred by not providing the [defendant] the prior appellate record, denying him a right to appeal his conviction.’
2. [The defendant’s] appeal counsel was ineffective.
3. The trial court erred in sentencing the [defendant] to life at hard labor as a habitual offender when the statute does not provide for a hard-labor sentence.
4. The trial court erred in sentencing the [defendant] to 51 years, then to a life sentence, without vacating the 51 year sentence.
5. The trial court erred in finding the [defendant] a fourth felony offender despite insufficient evidence of [defendant’s] knowing and intelligent waiver of constitutional rights during predicate guilty pleas.
6. The trial court erred in imposing a vindictive sentence on the [defendant] because he exercised his right to go to trial by jury.
We affirm the defendant’s conviction, habitual offender adjudication, and sentence.

FACTS

In the prior appeal, the facts of this ease were summarized as follows:
On or about February 14, 2007, at approximately 9:30 a.m., Detective Michael Burkett, of the Baton Rouge City Police Narcotics Division, received a tip from a confidential informant regarding narcotics activity involving the defendant at the 1100 block of North 48th Street. Detective Burkett and other officers responded to the scene in plain clothes and an unmarked vehicle. The officers wore badges identifying themselves as police officers. Detective Burkett |4observed the defendant and another subject sitting in a brown Cadillac in front of a residence. The defendant was positioned in the driver’s seat while the other occupant sat in the passenger seat.
The officers pulled into the driveway of the house, exited their vehicle, and began walking toward the Cadillac. The occupants observed the officers as they *396 approached. Detective Burkett and Detective Drew White observed the defendant as he reached between his legs, and the passenger placed an object in his mouth, opened the door, and exited the vehicle. Detective Burkett approached the driver’s side of the vehicle while the other officers went to the passenger side. Detective Burkett asked the defendant to step out of the vehicle and walk toward the front of the vehicle, and the defendant complied. Detective Burkett observed, through the open door of the car in plain view on the seat where the defendant was sitting, a bag of suspected marijuana and a bag of suspected crack cocaine between the seats, next to a digital scale. After being questioned, the passenger attempted to flee but was apprehended. Detective Burkett placed the defendant under arrest and informed him of his Miranda rights at the scene and again at the narcotics office interview room.
Upon a search incident to an arrest, more drugs were found on the passenger, and one hundred and fifteen dollars were found in the defendant’s pocket. The defendant stated that the money came from selling cocaine. The defendant also stated that he had purchased the cocaine and marijuana from the subject in the passenger seat and that he intended to smoke the marijuana but was going to sell the cocaine. The defense stipulated to the results of the Louisiana State Police Crime Lab Report, finding that the substances seized at the scene were tested and determined to consist of marijuana and cocaine.

COUNSELED ASSIGNMENT OF ERROR EXCESSIVE SENTENCE

In his sole counseled assignment of error, the defendant argues the trial court erred in imposing an unconstitutionally excessive sentence. Specifically, he argues that the maximum sentence of life imprisonment was not warranted in this case because there was no showing that he is the worst type of offender or that he committed the most serious violation of the offense. The State asserts the sentence imposed is justified based upon the defendant’s criminal history and his propensity to continue to break laws.
| r,Article I, § 20 of the Louisiana Constitution prohibits the imposition of excessive punishment. Generally, a sentence is unconstitutionally excessive if it is grossly disproportionate to the severity of the offense or is nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 628 So.2d 1276, 1280 (La.1993). A sentence is grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288, 291 (La.1985).
The Louisiana Code of Criminal Procedure sets forth items that must be considered by the trial court before imposing sentence. LSA-C.Cr.P. art. 894.1. The trial court need not cite the entire checklist of Article 894.1, but the record must reflect that it adequately considered the criteria. State v. Herrin, 562 So.2d 1, 11 (La.App. 1st Cir.), writ denied, 565 So.2d 942 (La.1990). In light of the criteria expressed by Article 894.1, a review for individual excessiveness should consider the circumstances of the crime and the trial court’s stated reasons and factual basis for its sentencing decision. State v. Watkins, 532 So.2d 1182, 1186 (La.App. 1st Cir.1988). Remand for full compliance with Article 894.1 is unnecessary when a sufficient factual basis for the sentence is shown. State v. Lanclos, 419 So.2d 475, 478 (La.1982).
*397 Based on his prior convictions, as a fourth-felony habitual offender, the defendant was exposed to a penalty of imprisonment, with or without hard labor, for a minimum of twenty years to a maximum of life. See LSA-R.S. 40:967(0(2); LSA-R.S. 14:27(D)(3) and LSA-R.S. 40:979(A). See also LSA-R.S. 15:529.1(A)(l)(c)(i) (pri- or to the 2010 amendments). As previously noted, the defendant received the maximum sentence. This court has stated that maximum sentences permitted under statute may be imposed only for the most serious offenses and the worst offenders, State v. Easley, 432 So.2d 910, 914 (La.App. 1st Cir.1983), or when the offender poses an unusual risk to the public safety due [ fito his past conduct of repeated criminality. See State v. Chaney, 537 So.2d 313, 318 (La.App. 1st Cir.1988), writ denied, 541 So.2d 870 (La.1989).
Initially we point out that, in denying two separate motions for reconsideration of the sentence, the trial court specifically noted that all relevant aggravating and/or mitigating circumstances were taken into consideration. Further, the evidence introduced at the habitual offender hearing in this case established that the defendant has been committing felony drug offenses since 1990. Considering the defendant’s extensive criminal record, we find that the trial court adequately considered the criteria of Article 894.1 and did not manifestly abuse its discretion in imposing the statutory maximum sentence upon the defendant. Such a sentence is clearly supported by the record. The defendant, who has repeatedly committed felony drug offenses, poses an unusual risk to public safety and is exactly the type of recidivist that the Habitual Offender Law intends to punish severely. The maximum sentence imposed in this case is not unconstitutionally excessive.
This assignment of error lacks merit.

PRO SE ASSIGNMENT OF ERROR ONE DENIAL OF COMPLETE APPELLATE RECORD

In his first pro se assignment of error, the defendant argues his constitutional right to appeal his conviction and sentence was denied when the trial court failed to provide him access to the prior appeal record on remand. On March 10, 2011, in response to a motion to suspend briefing and a motion to file a supplemental pro se brief, this court issued an order granting the defendant leave of court to file a pro se brief. This court also forwarded the records filed under our docket number 2009 KA 0002 (the defendant’s prior appeal) and 2010 KA 2039 (the instant appeal) to Louisiana State Penitentiary and ordered that the defendant be allowed access 17thereto. Thus, the defendant’s claim that he was erroneously denied access to the prior appeal record is now moot.

PRO SE ASSIGNMENT OF ERROR TWO INEFFECTIVE ASSISTANCE OF APPEAL COUNSEL

In his next pro se assignment of error, the defendant asserts his appellate counsel was ineffective in filing the brief in the instant appeal without having access to the complete record. He argues that without access to the voir dire transcript and other transcripts from the defendant’s trial and conviction, counsel could not effectively represent the defendant on appeal.
A defendant is entitled to effective assistance of counsel under the Sixth Amendment to the United States Constitution and Article I, § 13 of the Louisiana Constitution. In assessing a claim of ineffectiveness, a two-pronged test is employed. The defendant must show that (1) his attorney’s performance was deficient, and (2) the deficiency prejudiced him. Strickland *398 v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). Further, it is unnecessary to address the issues of both counsel’s performance and prejudice to the defendant if the defendant makes an inadequate showing on one of the components. State v. Serigny, 610 So.2d 857, 860 (La.App. 1st Cir.1992), writ denied, 614 So.2d 1263 (La.1993).
Review of the record in this case reveals that the record for the defendant’s prior appeal is included as an exhibit in the instant appeal record. Furthermore, the defendant was represented by the same attorney in both the prior appeal and the instant appeal. Thus, the defendant’s claim that his appeal counsel did not have access to the complete record when preparing the instant appeal lacks merit.
The defendant also argues that his appellate counsel was ineffective in failing to raise the issue of the trial court’s failure to deviate from the mandatory minimum sentence as allowed by State v. Dorthey, 623 So.2d at 1278. Since the | ¡¡defendant was not sentenced to a minimum sentence, we conclude that he could not possibly have suffered any prejudice as a result of his appellate attorney’s failure to raise this issue of the trial court’s failure to deviate below the mandatory minimum in sentencing. If the substantive issue an attorney failed to raise has no merit, then the claim the attorney was ineffective for failing to raise the issue also has no merit. State ex rel. Roper v. Cain, 99-2173 (La.App. 1st Cir.10/26/99), 763 So.2d 1, 5 (per curiam), writ denied, 00-0975 (La.11/17/00), 773 So.2d 733.
This assignment of error lacks merit.

PRO SE ASSIGNMENT OF ERROR THREE IMPOSITION OF LIFE SENTENCE AT HARD LABOR

In his third pro se assignment of error, the defendant argues the trial court lacked authority to order that the life imprisonment sentence be served “at hard labor” when the provision which allows a sentence to be imposed at hard labor under the Habitual Offender Law was not enacted until 2010 by Act No. 69.
Although the “at hard labor” language was, in fact, added to LSA-R.S. 15:529.1(G) by 2010 La. Acts, No 69 § 1, the addition of that condition to the Habitual Offender Law did not modify the sentencing provisions of any underlying felony offense. The sentence conditions required by LSA-R.S. 15:529.1(G) are additions to, rather than replacements of, those conditions required by the sentencing provision for the underlying offense. A sentence enhanced under the Habitual Offender Law is computed by referring to the underlying offense. See State v. Robinson, 46,330 (La.App.2d Cir.2/18/11), 54 So.3d 1292.
Herein, the defendant’s underlying felony conviction was for attempted possession of cocaine, in violation of LSA-R.S. 40:967(C) and LSA-R.S. 14:27. The sentencing provision for possession of cocaine under R.S. 40:967(0(2), provides for imprisonment “with or without hard labor[.]” LSA-R.S. 14:27 provides that a sentence for an attempted offense shall be served “in the same |flmanner as for the offense attempted.” Therefore, because the underlying offense allowed for a sentence at hard labor, that condition was a legal component of the defendant’s sentence as a habitual offender.
Furthermore, we note that statutory enactments are generally classified as substantive, procedural, or interpretive. The Louisiana Supreme Court has stated:
Substantive laws are laws that impose new duties, obligations or responsibilities upon parties, or laws that establish new rules, rights and duties or change *399 existing ones. Interpretive laws are those which clarify the meaning of a statute and are deemed to relate back to the time that the law was originally enacted. Procedural laws prescribe a method for enforcing a substantive right and relate to the form of the proceeding or the operation of laws.
State v. Washington, 02-2196 (La.9/13/02), 830 So.2d 288, 290 (per curiam).
In the instant case, we find that Act 69 is an interpretive enactment intended to clarify the purpose of the Habitual Offender Law. Clearly, the Habitual Offender Law was enacted with the intent to punish recidivism with hard labor sentences. This is evident by the fact that certain third and fourth felony habitual offender sentences restrict parole eligibility. The concept of parole is applicable only to hard labor sentences.
This assignment of error lacks merit.

PRO SE ASSIGNMENT OF ERROR FOUR FAILURE TO VACATE SENTENCE

In his fourth pro se assignment of error, the defendant argues the trial court erred in failing to vacate the fifty-one-year imprisonment sentence originally imposed before imposing the life sentence.
Following the defendant’s habitual offender adjudication on remand, the following exchange occurred regarding the sentencing:
[THE COURT]: After that finding I’m going to sentence Mr. Douglas to fifty-one years in the Department of Corrections at hard labor. I guess that’s without the benefit of probation, parole or suspension of sentence. Well, it doesn’t say that; does it?
ImWell, let’s go another way if it doesn’t say it. Go ahead and sentence him to natural life.
[DEFENSE COUNSEL]: Your honor, the statute does provide for without benefit of probation, parole or suspension of sentence.
[THE COURT]: I thought I had — I thought it said that, but I—
[DEFENSE COUNSEL]: It says it— it’s toward the end; Paragraph “G”.
[THE COURT]: (Reviewing the statute) There it is. “Any sentence imposed under the provision of this section shall be without benefit of probation, parole or probation, or suspension of sentence.” (Reading from the statute).
[THE PROSECUTOR]: It doesn’t say parole.
[THE COURT]: It doesn’t say parole. So, to be on the safe side, sentence him to life imprisonment.
The aforementioned exchange reveals that while the trial court discussed the possibility of imposing a sentence of fifty-one years, once the court realized that it could not restrict parole eligibility on the sentence, the court opted to impose a life imprisonment sentence instead. This assignment of error lacks merit.

PRO SE ASSIGNMENT OF ERROR FIVE INSUFFICIENT EVIDENCE TO SUPPORT HABITUAL-OFFENDER ADJUDICATION

In his fifth pro se assignment of error, the defendant argues the trial court erred in adjudicating him a fourth-felony habitual offender. Specifically, he asserts that the evidence presented at the habitual offender hearing in support of the three prior guilty pleas failed to establish knowing and voluntary waivers of his constitutional rights. Thus, he asserts, the State should not have been allowed to use any of these predicates for enhancement.
To use a prior guilty plea to enhance punishment under LSA-R.S. 15:529.1, the *400 State need prove only the fact of conviction and that the defendant was represented by counsel (or waived counsel) at the time he entered his plea. Thereafter, the defendant bears the burden of proving a significant procedural |ndefect in the proceedings. See State v. Shelton, 621 So.2d 769, 779-80 (La.1993). Once a defendant makes an affirmative showing of an infringement of his rights or a procedural irregularity in the plea transcript, the State must prove the constitutionality of the predicate pleas by producing a “perfect” transcript. If the State produces anything less than a “perfect” transcript, e.g., a guilty plea form, a minute entry, an “imperfect” transcript, or any combination thereof, the judge then must weigh the evidence to determine whether the State has met its burden of proving that defendant’s prior guilty plea was informed and voluntary, and made with an articulated waiver of the three Boykin rights. State v. Zachary, 01-3191 (La.10/25/02), 829 So.2d 405, 407 (per curiam).
At the habitual offender hearing on remand in this case, the State presented certified documentary evidence of the three guilty pleas alleged as predicates. In his pro se brief, the defendant acknowledges that the State introduced “certain documents.” The record from the remand healing contains copies of the bill of information in all three predicates. The record also contains copies of the minute entries of the guilty pleas in the 1996 and 2000 pleas. The record does not contain a minute entry for the 1990 guilty plea. However, the record of the original habitual offender hearing, of which the trial judge took judicial notice at the remand hearing, contains a copy of the minute entry in the 1990 guilty plea. These documents show that the defendant was represented by counsel at each of the prior guilty pleas. The minutes of each of the pleas show that the defendant was advised of his Boykin rights prior to pleading guilty. At the original habitual offender hearing, the State also introduced expert testimony confirming that the defendant’s fingerprints (taken the day of the hearing) matched the prints in the defendant’s supervision files at the office of Probation and Parole in each of the prior convictions. With this evidence, the State met its initial burden of proof under Shelton.
112Once the State met this burden, the defendant was required to produce some affirmative evidence of an infringement of his rights or a procedural irregularity in the taking of the predicate guilty pleas. The defendant offered no affirmative statement or documents to contradict the State’s evidence. Consequently, we find that the trial court correctly adjudicated the defendant to be a fourth-felony offender under LSA-R.S. 15:529.1. This argument lacks merit.
In connection with this assignment of error, the defendant also argues the trial court erred in failing to grant his counsel’s motion for a continuance of the habitual offender hearing. At the habitual offender hearing on remand, after the State introduced its evidence, the defendant advised the court that he no longer wanted to admit any of the allegations in the habitual offender bill of information, and challenged the validity of all three predicates.[3] The defendant then orally moved for a continuance of the hearing to obtain further documentation on the prior convictions. The trial court went on to adjudicate the defendant a habitual offender based on the evidence presented, there *401 by implicitly denying the motion for a continuance.
Initially, we note that, since the hearing had already commenced, the defendant actually sought a recess, not a continuance. A recess is a temporary adjournment of a trial or hearing that occurs after a trial or hearing has commenced. LSA-C.Cr.P. art. 708. A motion for a recess is evaluated by the same standards as a motion for a continuance. State v. Brown, 95-0755 (La.App. 1st Cir.6/28/96), 677 So.2d 1057, 1065. The granting or denying of the motion to continue lies within the trial court’s discretion. LSA-C.Cr.P. art. 712. Denial of the motion is grounds for reversal only where defendant shows both abuse of the trial court’s discretion and specific prejudice. State v. Dangerfield, 00-2359 (La.App. 4th Cir.4/3/02), 816 So.2d 885, 893, writ denied, 02-1269 (La.11/22/02), 829 So.2d 1038; See also State v. Snyder, 98-1078 (La.4/14/99), 750 So.2d 832, 849.
Herein, the original habitual offender bill of information was filed on May 29, 2008. After this court’s remand, a Supplemental Information to Establish Habitual Offender Status was filed on November 18, 2009. Despite having had well over a year’s notice of the alleged predicates (since the filing of the original habitual offender bill of information), the defendant did not seek to challenge the predicates until the day of the second habitual offender hearing. Under these circumstances, the trial court was well within its discretion in viewing the defendant’s request as a dilatory tactic, and in denying it as such. Moreover, because the defendant could have introduced other evidence, i.e., personal testimony regarding the taking of the prior guilty pleas, which would have shifted the burden back to the State to produce a “perfect transcript,” we find no abuse of discretion in the trial court’s denial of the defendant’s request to recess the hearing already in progress. There is no specific showing that the defendant was prejudiced. This argument lacks merit.
Finally, the defendant argues the trial court erred in failing to conduct a new habitual offender hearing on remand. The record and the defendant’s own pro se brief (wherein he argues the trial court erred in failing to continue the habitual offender hearing) show that this claim is clearly meritless. On December 7, 2009, a habitual offender hearing was held. The State introduced evidence (which included a copy of the transcript of the prior hearing) and counsel made argument to the court. Thereafter, the court rendered its ruling. This argument also lacks merit.
I uPRO SE ASSIGNMENT OF ERROR SIX IMPOSITION OF A VINDICTIVE SENTENCE
In his final pro se assignment of error, the defendant argues that the life imprisonment sentence was a result of vindictiveness by the trial court to punish him for exercising his right to trial instead of accepting the plea bargain. The record reflects that prior to trial the defendant was offered a sentence of thirty years imprisonment. The trial court advised the defendant that if he was tried and convicted, the state intended to file a habitual offender bill of information seeking to have him adjudicated and sentenced as a fourth-felony habitual offender, thereby exposing him to a possible penalty of life imprisonment. The defendant rejected the offer. The defendant now argues that the life sentence imposed following his conviction was obviously designed to punish him for rejecting the plea offer and exercising his constitutional right to trial.
If a trial judge has agreed to impose a particular sentence pursuant to a plea bargain, this does not restrict him *402 from imposing a more severe sentence if the defendant elects to go to trial and is convicted. The sentencing judge must nonetheless comply with constitutional standards, and the sentence should not be increased due to vindictiveness arising from the exercise of the defendant’s right to stand trial. See State v. Frank, 344 So.2d 1039, 1045 (La.1977). However, as the Louisiana Supreme Court has recognized, “[a] judge’s disposition to impose a lenient sentence during plea discussions should not be understood as setting a limit for the justifiable sentence under accepted principles of criminal justice. The better view ... is that the plea proposal is a concession from the greatest justifiable sentence, the concession being made because of circumstances surrounding the plea.” State v. Frank, 344 So.2d at 1045.
In Bordenkircher v. Hayes, 434 U.S. 357, 363-64, 98 S.Ct. 663, 668, 54 L.Ed.2d 604 (1978), the U.S. Supreme Court stated:
|1fiTo punish a person because he has done what the law plainly allows him to do is a due process violation of the most basic sort, and for an agent of the State to pursue a course of action whose objective is to penalize a person’s reliance on his legal rights is “patently unconstitutional.” But in the “give-and-take” of plea bargaining, there is no such element of punishment or retaliation so long as the accused is free to accept or reject the prosecution’s offer.
[[Image here]]
While confronting a defendant with the risk of more severe punishment clearly may have a “discouraging effect on the defendant’s assertion of his trial rights, the imposition of these difficult choices [is] an inevitable” — and permissible — “attribute of any legitimate system which tolerates and encourages the negotiation of pleas.” It follows that, by tolerating and encouraging the negotiation of pleas, this Court has necessarily accepted as constitutionally legitimate the simple reality that the prosecutor’s interest at the bargaining table is to persuade the defendant to forgo his right to plead not guilty. [Citations omitted.]
The defendant herein chose not to accept the plea bargain offered by the state, thereby taking the risk of a greater penalty upon conviction by a jury. There is nothing in the record to show that the defendant’s sentence is the product of vindictiveness by the trial judge. As previously noted, the sentence is not constitutionally excessive, and it is adequately supported by the record. This assignment of error lacks merit.

REVIEW FOR ERROR

The defendant asks that this court examine the record for error under LSA-C.Cr.P. art. 920(2). This court routinely reviews the record for such error, whether or not such a request is made by a defendant. Under Article 920(2), we are limited in our review to errors discoverable by a mere inspection of the pleadings and proceedings without inspection of the evidence. After a careful review of the record in these proceedings, we have found no reversible errors. See State v. Price, 05-2514 (La.App. 1st Cir.12/28/06), 952 So.2d 112, 123 (en banc), writ denied, 07-0130 (La.2/22/08), 976 So.2d 1277.
|1fiFor the reasons set forth above, we affirm the defendant’s conviction, habitual offender adjudication, and sentence.
CONVICTION, HABITUAL OFFENDER ADJUDICATION, AND SENTENCE AFFIRMED.

. The defendant’s habitual offender status is based upon a February 23, 1990, guilty plea to possession of cocaine (19th Judicial District Court Docket number 01-90-0800); a October 21, 1996, guilty plea to conspiracy to possess with intent to distribute cocaine (19th Judicial District Court docket number 06-96-0591); and a March 15, 2001, guilty plea to possession of cocaine (19th Judicial District Court docket number 09-00-0730). (R. p. 48).

. The defendant’s pro se motion for post-verdict judgment of acquittal was denied after the habitual offender adjudication, sentencing, and the perfecting of the appeal.

. Defendant's counsel previously filed a written response to the habitual offender bill of information admitting the 1996 and 2001 predicate guilty pleas.