# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-30441
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 2, 2016

Lyle W. Cayce
Clerk

RONALD MARSHALL,

Petitioner-Appellant

v.

ROBERT TANNER, WARDEN, ELAYN HUNT CORRECTIONAL CENTER,

Respondent-Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:14-CV-849

Before DAVIS, JONES, and GRAVES, Circuit Judges.

PER CURIAM:*

Ronald Marshall, Louisiana prisoner # 336016, appeals the dismissal for failure to exhaust state remedies of his 28 U.S.C. § 2241 petition challenging the execution of his sentence as a habitual offender following his armed robbery conviction. Marshall's motion to file an out of time reply brief is GRANTED. Marshall argues that his commitment "at hard labor" in the Louisiana Department of Public Safety and Corrections (the Department) falls

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

outside the parameters of the statutory sentencing provisions under which he was sentenced, violates the Ex Post Facto Clause, and denies him a state created liberty interest in violation of the Fourteenth Amendment.  We affirm the dismissal of the petition as modified.  *See Janvey v. Democratic Senatorial Campaign Comm., Inc.,* 712 F.3d 185, 193 (5th Cir. 2013).

Marshall's § 2241 petition alleged that the version of Louisiana's habitual offender statute under which he was sentenced, LA. REV. STAT. ANN. § 15:529.1(G) (1987), did not require that enhanced sentences be served "at hard labor" and that the statute did not contain that condition until it was amended in 2010.  Marshall reasoned pursuant to LA. REV. STAT. ANN. § 15:824(C) that because the version of the habitual offender statute under which he was sentenced did not provide for imprisonment at hard labor, he should not have been committed to the custody of the Department.

A post-trial state prisoner seeking relief under § 2241 is required to exhaust state remedies.  *Ballard v. Maggio*, 544 F.2d 1247, 1249 (5th Cir. 1977); *Rome v. Kyle*, No. 93-5551, 1994 WL 708768, *2 (5th Cir. Nov. 30, 1994) (unpublished).  Exhaustion, however, is not a jurisdictional requirement but is "founded on the more flexible principles of comity."  *Ballard*, 544 F.2d at 1249. The parties dispute whether Marshall followed the correct procedure under Louisiana law to exhaust his state remedies.  Absent any controlling authority and because the exhaustion requirement is not jurisdictional, s*ee Ballard*, 544 F.2d at 1249, we pretermit the exhaustion issue because Marshall's § 2241 claims are meritless.

Marshall contends that the retroactive application of the 2010 amendment to § 15:529.1(G) violates his ex post facto rights.  The Ex Post Facto Clause is triggered only by a statute which "punishes as a crime an act previously committed, which was innocent when done; which makes more

burdensome the punishment for a crime, after its commission, or which deprives one charged with crime of any defense available according to law at the time when the act was committed." *Wilson v. Lensing*, 943 F.2d 9, 10-11 (5th Cir. 1991) (citation omitted). "[T]he construction of state laws is the exclusive responsibility of the state courts.*" Speiser v. Randall*, 357 U.S. 513, 522 n.7 (1958); *see also United States v. Escalante*, 239 F.3d 678, 680 n.6 (5th Cir. 2001).

In *State v. Douglas*, 72 So. 3d. 392, 398 (La. Ct. App. 2011), the court held that while the "at hard labor" language was not added to the habitual offender statute until 2010, the addition of that condition did not modify the sentencing provisions of the underlying predicate offense. 72 So. 3d at 398. The court stated that the sentence conditions required by § 15:529.1(G) were "additions to, rather than replacements of, those conditions required by the sentencing provision for the underlying offense." *Id.* A sentence enhanced under the habitual offender statute, the court held, was computed by reference to the underlying offense. *Id.*

Marshall's underlying felony offense was armed robbery, and the sentencing provision for that offense provides for imprisonment "at hard labor." *See* LA. REV. STAT. ANN. § 14:64(B). Because the underlying offense allowed for a sentence at hard labor, that condition was a legal component of Marshall's sentence as a habitual offender. *See Douglas*, 72 So. 3d at 398. Consequently, the 2010 amendment to the habitual offender statute did not increase the punishment to which Marshall was subjected or make his punishment more burdensome; therefore, the Ex Post Facto Clause was not triggered. *See Wilson*, 943 F.2d at 11.

Insofar as Marshall argues that § 15:529.1(G) (1987) created a liberty interest in his avoiding imprisonment at hard labor in the custody of the

No. 15-30441

Department, that claim is also rendered meritless by *Douglas*. In order to establish a state created liberty interest, Marshall must show that his imprisonment at hard labor in the custody of the Department "imposes atypical and significant hardship on [him] in relation to the ordinary incidents of prison life." *Jordan v. Fisher*, 813 F.3d 216, 222-23 (5th Cir. 2016) (quoting *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995)). *Douglas* holds that Marshall's imprisonment "at hard labor" was conditioned upon his underlying offense rather than the habitual offender statute. 72 So. 3d at 398. Therefore, his imprisonment at hard labor is not an "atypical hardship" which arose as a result of the 2010 amendment but rather was mandated by the statute of his underlying conviction.

In light of *Douglas*, Marshall's ex post facto and due process claims are meritless. Accordingly, we modify the judgment to reflect that the § 2241 petition is dismissed with prejudice, and we affirm as modified.

AFFIRMED AS MODIFIED.

4